NEW-YORK,
May, 1809.

Powers
v.
The People.

P. POWERS *against* THE PEOPLE.

In proceedings under the 11th section of the "act declaring' the powers of the courts of general sessions of the peace," &c. the record of conviction before the justices, ought to state sufficient to show, that the justices had jurisdiction. The value of the thing stolen ought to be stated, and that the party convicted had not given bail, within 48 hours after being committed, or had consented to a trial before the expiration of that time.

IN error, on *certiorari.* . On the 10th *March*, 1805, one *Tarpenning* complained to three justices of the county of *Cayuga*, that *Polly Powers*, the plaintiff in error, had feloniously stolen a handkerchief, the property of the complainant. The accused appeared before the justices, and denied the charge ; and, on the oath of three witnesses, she was convicted, and fined 5 dollars.

On the return to the *certiorari*, the case was submitted to the court, without argument.

*Per Curiam.* The principal objection to this case is, that the record does not show sufficient to give the justices jurisdiction. No consent, on the part of the prisoner, has been shown or averred, as to any part of the proceedings. We are to intend, that they were compulsory. It ought, then, to have appeared, that she had not given bail after being apprehended, and that she had 48 hours to procure such bail ; (*Laws of N. Y.* 24 sess. c. 70. s. 11.) but the complaint was made on the 10th *March*, and she was summoned to appear before the justices, and did appear, and was tried on the same day. The value of the handkerchief stolen ought also to have been stated ; for, unless its value was less than 12 dollars and 50 cents, the court had no jurisdiction. It is a salutary rule, with respect to inferior courts, that the cause of which they take cognisance, should appear to be within their jurisdiction. These objections are fatal, and the conviction must, therefore, be quashed.

Conviction quashed.