<div align="center">BROWN <em>against</em> HINCHMAN.</div>

IN error, on *certiorari,* from a justice's court. *Brown* sued *Hinchman*, before a justice, by warrant, which was obtained on the oath of *Brown*, which *satisfied* the justice as to the propriety of issuing the warrant. The plaintiff declared on a promissory note. The defendant objected to the process which had been issued against him, and made oath that he was a freeholder within the county. The plaintiff was nonsuited, on the ground that being a resident within the county, he could not, in any case, sue a *freeholder* of the county, by warrant.

*Per Curiam.* The warrant was obtained by virtue of the plaintiff's oath; and the act (sess. 31. c. 204. s. 4.) says, that if the plaintiff " shall prove to the satisfaction of any justice, that the defendant is about to depart," &c. he may have a warrant, though the defendant be a freeholder or inhabitant, having a family. *Proof* here, means legal evidence; and that cannot be the party's own

<div style="font-size:small">
<em>ALBANY, Jan. 1812.</em>

BROWN v. HINCHMAN.

Under the 4th section of the act (sess. 31. c. 204.) " for the recovery of debts to the value of 25 dollars," a justice cannot issue a warrant against a *freeholder* or person having a *family*, on the *oath* of the plaintiff; but the proof of the defendant's being about to depart, or of the danger of losing the debt, must be by other and legal evidence.
</div>

ALBANY,
Jan. 1812.

oath, unless the statute expressly says so. Whenever the statute, as it does in several other places, admits proof by the party's own oath, the language of it is explicit; and the former *ten pound act* of 1801, relative to this point, said that the plaintiff should "prove, *upon oath*, to the satisfaction of the justice, that he was in danger of losing his debt, or *really believed so*," &c. All these emphatic words, which show that the party's own oath was intended, are omitted in the new act. Probably, the right had been abused, and the legislature considered it dangerous to allow an interested, or prejudiced person, or angry plaintiff, to sue out a warrant against any freeholder or inhabitant with a family, on his own oath. The temptation might be too strong to vex and oppress. The plaintiff was, therefore, properly nonsuited, though not for the reason assigned by the justice.

<div align="right">Judgment affirmed.</div>