D. TAYLOR *against* O. AND J. WILLIAMS.

IN ERROR, on *certiorari* to a Justice's Court.

O. and *J. Williams* brought an action of debt against *Taylor*, in the Justice's Court. *Taylor* pleaded his discharge under the insolvent act of *April*, 1813. The discharge was dated *December* 22, 1818. The plaintiffs replied, that the discharge was fraudulent and void, because the *consideration* of *Taylor's* debts was not specified and clearly set forth in his inventory, according to the provisions of the act of the 28th of *February*, 1817, (sess. 40. ch. 55.) which requires that the insolvent debtor " shall specify and set forth clearly the true cause and consideration upon which each and every of the said debts were contracted ; and if the said debtor shall not give a true account of the consideration of the said debts, or any of them, he shall not be discharged ; and if the said debtor shall have obtained his discharge, it shall, in such case, be adjudged fraudulent and void." The specification objected to, in this case, as defective, was in the following words : " *Due Jonathan Taylor*, of *Batavia*, *Genesee* county, four hundred dollars : the consideration of which was money lent by the deponent to the said insolvent ; money paid for him at his special instance and request, and work and labour done and performed for him, at his special instance and request."

The Justice gave judgment for the plaintiffs.

The only question was as to the sufficiency of the specification.

*Per Curiam.* The defendants in error contend, that the statute of the 28th of *February*, 1817, (sess. 40. ch. 55.) ought to receive the same construction as the act (sess. 41. ch. 25.) requiring specifications on judgments by confession. We think, however, that there is ground for a different construction. There is some difference in the phraseology of the two statutes ; and there is some difference, also, in the reason of the case. In the case of insolvency, the inven-

*If the specification of the cause and consideration of the debts due and owing by an insolvent debtor, set forth in his inventory, pursuant to the act of the 28th of February, 1817, (sess. 40. ch. 55.) fairly apprizes the creditors of the general ground of indebtedness, so as to give them a clue to inquiry, it is sufficient.*

NEW-YORK,
May, 1822.

THE PEOPLE
v.
COMMON
PLEAS OF
ONEIDA.

tory and specification of debts are preliminary, and the opposing creditor has his day to investigate and oppose, at the hearing before the Judge. But it is quite otherwise in the case of a judgment entered up by confession, on a warrant of attorney. If the specification, in the former case, is such as fairly to apprize the creditors of the general ground of indebtedness, so as to give them a clue to inquiry, it seems to us to be sufficient. It might lead to fraud, on the part of creditors, if they were permitted to lie by, and not oppose the discharge : and then, after the debtor has acquired a new credit, to fall upon him, and strip him of property with which new creditors may have intrusted him. There are many exceptions which ought to be allowed, if made by the creditors at the hearing, before the discharge is granted, which ought not to be listened to afterwards. If it were not so, there would be no use, in fact, of the previous notice and hearing ; for a wary creditor would not urge his objections until after the discharge, when it would be impossible to amend the specification, or obviate the objection.

The judgment of the Court below must be reversed.

Judgment reversed.