JACKSON, *ex dem.* SITRER, *against* WALTERMIRE.

EJECTMENT for dower; tried at the Columbia circuit, April, 1826, before DUER, C. Judge.

The plaintiff gave in evidence a rule of the court of common pleas of the county of Columbia, entered in the term of August, 1822, appointing three persons to lay off the dower of the lessor of the plaintiff, as the widow of Frederick Sitzer, in the farm possessed by the defendant; with the subsequent proceedings, to the confirmation of the report of the admeasurers, by which they set off dower, under the rule. The petition for admeasurement was also in evidence, dated August 17, 1822, presented at the term of August, when the rule was entered. The petition did not state the time of the husband's death; nor did it appear on the face of the petition, that 40 days had elapsed intermediate his death and the time of presenting the petition to the court. The plaintiff proved that the lessor's husband resided on the farm in question, and used it as his own during the coverture. That he died the last \*day of April, 1821. The defendant gave in evidence a deed from F. Sitzer, in his lifetime, dated November 16th, 1785, by which Sitzer granted, &c., and quit-claimed to A. Wilcox, his heirs and assigns, all his (S.'s) right, title, &c., of, in, and to the possession and improvements of the farm in question. Sitzer covenanted in this deed, that he was then truly and lawfully possessed of the premises, as the same

The proceedings upon a petition to the court of common pleas, for the admeasurement of dower, under the statute, (1 R. L. 61, 62,) cannot be impeached, in ejectment for the dower, because the petition does not show, on its face, that the husband died forty days before it was presented.

It will be intended, that the fact appeared to be so, on the hearing in the common pleas. [\*354]

If there be an irregularity in the proceedings of that court, the mode of taking advantage of it, is, by motion, there to set them aside, or by appeal under the act.

Possession of land, by the husband, claiming ownership, is *prima facie* evidence of seisin, to entitle his widow to dower.

*Semble,* that a deed granting the possession and improvement of lands, with words of inheritance, will pass a fee.

At any rate, an entry and adverse possession under such a deed, for 25 years, will protect the grantee against the claim of any individual.

NEW YORK, were truly granted. From Wilcox, the possession of the
May, 1827.
————— land passed through several hands to the defendant, who
Jackson
v. was in possession when this suit was brought.
Waltermire. Verdict for the plaintiff, subject to the opinion of the
court.

Further facts will be found stated in that opinion.

*A. Vanderpoel,* for the plaintiff. The sufficiency of the
evidence of the husband's seisin, was established by the
former decision in this case, (5 Cowen, 299.) Nor is it
disproved by the defendant's evidence. Wilcox's deed
shows that the husband claimed a fee; and the deed pass-
ed a fee to the grantee. What the word improvements
means in a will, may be seen by an anonymous case, (3
Dall. 477,) where it was held to pass a fee. The grant of
the possession and improvements, with the proper words
of inheritance, show the intention of the parties to pass the
land. That intention should govern in the construction
of the deed. Possession is an estate in lands. (2 Bl. Com.
195.) The effect of conveying it, with the improvements,
in fee, is to pass the whole estate. Had the grantee been
evicted, he might have had an action on the covenant of
lawful possession.

The point, that the common pleas had jurisdiction, though
it did not appear on the face of the petition, that the hus-
band had been dead 40 days before it was presented, was
decided when this case was first before the court; (5 Cowen,
299 ;) though the point was not noticed by the reporter.
But if not then decided, it must certainly be unavailing.
It is to be intended, that the fact appeared before the C. P.
It now appears that the husband had, in truth, been dead
[*355]  more than 14 months. If this case *was not properly dis-
posed of by the C. P. the defendant should have appealed,
pursuant to the statute. (1 R. L. 61, 62, s. 10. 9 John.
245.)

*D. B. Tallmadge* and *E. Williams,* contra. The court of
C. P. had no jurisdiction. They acted as mere commis-
sioners with limited powers; and it is not till the lapse of

40 days, that they are authorized to receive the petition.
(1 R. L. 62, s. 12.) This fact not appearing on the face of
the petition, their proceedings were *coram non judice*, and
void. (4 John. 292.) Inferior courts must show that they
have jurisdiction; or the consequence contended for fol-
lows. (3 Cowen, 206; 20 John. 280.) It was not enough,
to show the time of the husband's death at the trial. It
must have been shown to the C. P. It nowhere appears
in their proceedings.

The plaintiff's evidence, taken in connection with that on
the part of the defendant, fails to establish a seisin in Sitzer,
the husband. No paper title is shown. The deed to Wil-
cox shows what both grantor and grantee claimed. It was
the possession and improvements merely. The covenant in
the deed, relates merely to the possession. The words are
not proper to convey a fee. The land would not pass to
the heirs of the grantee. A claim under it would not con-
stitute an adverse possession. (5 Cowen, 346.) We must
look to the subject of the grant, and the intention of the
parties, to determine the operation of the deed. (3 John.
388; 2 Caines, 326; Cowp. 600.) If the land would not
descend in the hands of Sitzer, the widow was not dowable.

*Curia, per* SAVAGE, Ch. J. When this cause was for-
merly before us, we decided that the court of common pleas
had jurisdiction, and that the evidence of the seisin of the
husband was sufficient. The latter point only appears in
the printed report of the case; but the other point must
have been decided; for although the other points necessary
to a recovery of the lessor's dower might have been never
so fully proved, or even admitted, still she could not re-
cover in this action, unless the proceedings before *the      [*356]
common pleas were valid. Such was, in fact, the decision,
as appears from a statement made by me for the plaintiff's
counsel, before the report of the case appeared, and that
the facts in the case warrant such a decision, is very appa-
rent.

By the act, (1 R. L. 62,) any widow may apply for ad-
measurement of her dower, after the expiration of 40 days

from the death of her husband. It does not appear in her petition to the common pleas, that her husband had been dead 40 days when it was presented; nor does the statute require that the petition should state that fact. The court may have had evidence of the fact, or it may have been admitted.

It is sufficient for our purpose, that it now appears that the husband died on the last day of April, 1821, and the petition of the widow is dated Aug. 19th, 1822; was duly served on the defendant, and presented at the August term, 1822. The court may judicially notice, that there are more than 40 days in 14 1-2 months.

The case of *Adkins* v. *Brewer*, (3 Cowen, 206,) was cited, to prove that inferior tribunals must show that they had jurisdiction. The case is not applicable. The statute authorizing an attachment, requires proof of the fact to be made to the justice, before the attachment issues. The act relative to dower, does not require proof of the death of the husband 40 days previous to the presentment of a petition. Nor does the act, in terms, require any proof. The fact may be conceded. At all events, the question does not properly arise here, as to the regularity of the proceedings in the common pleas. If those proceedings have been irregular, a motion should be made to that court to set them aside. In the case of *Adkins* v. *Brewer*, we intimated, that we would not inquire collaterally into the jurisdiction of the court. It came up directly in an action of trespass. So in *Powers* v. *The People*, (4 John. 292,) the question arose on certiorari.

In this case it appears that due notice of the application was given. The defendant might have shown for cause, if true, that 40 days had not expired after the death of the

[*357] *husband. The plaintiff is, therefore, entitled to recover, unless the evidence produced by the defendant is sufficient to prevent it. The testimony of the defendant consists of the facts stated by Halstead; that he purchased the possession of 50 acres of the same lot; and of the deed from Sitzer to Wilcox. By this deed, Sitzer conveys to Wilcox, his heirs and assigns, all the right of the grantor, to the

possession and improvements of the farm in question; and <span>NEW YORK, May, 1827.</span> covenants, that he is lawfully possessed of the premises, as the same are truly granted.

<span>Chaffee v. Thomas.</span>

This deed is one link in the chain of the defendant's title. The farm has been held under it ever since its date, November 16th, 1785; and, without doubt, the defendant is protected by that deed, and his possession under it, from the claims of any person, upon the facts as they appear in this case. It was not accompanied with any declarations, as in *Jackson* v. *Frost*, (5 Cowen, 346,) which showed the absence of right and title. The grantor conveys the possession forever. He does not say that he conveyed a fee; but such must have been the intent. The deed is inartificially drawn; but if we apply the rule laid down by lord Mansfield, (Cowp. 600,) "that deeds shall operate according to the intention of the parties, if by law they may," there can be no doubt that it carried a fee. The intention of the grantor was, to pass all his title; and he supposed himself to have an estate of inheritance. (And Vid. 3 Dall. 477.)

Judgment for the plaintiff.

---

*CHAFFEE *against* THOMAS.* [*358]

ASSUMPSIT; tried at the Jefferson circuit, July, 1827, before WILLIAMS, C. Judge. The plea was the general issue, and statute of frauds.

At the trial, the plaintiff offered his attorney as a witness. He was objected to as interested. He stated on his *voir dire*, that the plaintiff resided in Connecticut; and that no

A witness liable to lose by the determination of the cause against the party calling him, is yet competent, if he be fully secured and indemnified against the loss.

E. g. the attorney for a non-resident plaintiff, no security for costs being filed according to the rule of the court, is, if indemnified, a competent witness for the plaintiff.

A promise, in writing, to pay the debt of another, acknowledging a past consideration, viz. land conveyed to that other; but not at the promissor's request, is *nudum pactum*, and void.

A promise to pay for a past consideration, though for the benefit of the promissor, is not binding, unless done at the promissor's request.