## CHRISTMAN *vs.* FLOYD.

In the case of a *distress for rent*, the affidavit required by law specifying the
amount of rent, &c. cannot be made before a *justice of the peace;* it must
be made before an officer *generally authorized to administer oaths.*

A *constable* of the town where the demised premises are situate, to whom a
distress warrant is delivered to be executed, may *pursue into another town*
and take goods which have been fraudulently removed to avoid a distress
for rent.

DEMURRER to pleas. The plaintiff declared in the usual
form in *replevin* for the taking of cattle on the 20th February,
1830, at *Rome*, in the county of Oneida. The defendant
made *cognizance*, stating that one Northrop at the time when,
&c. was the tenant of Nicoll Floyd of certain premises situ-
ate in the town of *Western*, in the county of Oneida, at an
annual rent of $212,50; that on the 1st March, 1829, the
sum of $212,50 was in arrear for rent; that on the 24th Feb-
ruary, 1830, the defendant, as the agent of Nicoll Floyd,
made an affidavit *before J. H., Esquire, one of the justices of the*

*peace* in and for the town of Western, specifying that on the 1st March then last past, the sum of $212,50 became due from Northrop to Nicoll Floyd for one year's rent of the premises, which affidavit he delivered to one J. M. Felton, a *constable* of the town of *Western*, whom he procured to make distress for the rent, and who proceeded to the demised premises for the purpose of making distress for the rent aforesaid; and because the goods and chattels on the premises were insufficient to pay the rent, and because *the goods and chattels in the declaration mentioned*, after the rent became due and payable, to wit, on the 5th February, 1830, were taken, removed and carried off from the demised premises, leaving the rent due and in arrear unpaid, and put and placed *into the place in which*, &c. the said J. M. Felton, as such constable as aforesaid, did thereupon, by the procurement and direction of the defendant, *pursue* and take the said cows and heifers *at the said place in which*, &c. and *at the said time when*, &c. (the same being within thirty days next after the said removal of the said cows and heifers from the said demised premises,) for and in the name of a distress for the rent, &c.; and this, &c. wherefore, &c. To this cognizance the plaintiff pleaded, 1. That J. H., Esquire, in the cognizance named, at the time of the making of the affidavit therein mentioned, was not a judge of any court of record, a circuit judge, a supreme court commissioner, or commissioner of deeds, nor clerk of any court of record, and this, &c. wherefore, &c.; and 2. That *J. M. Felton*, at the time when, &c. was not a *sheriff*, or a *deputy* of the sheriff of the county of Oneida, or a *constable*, or *marshal* of the town of *Rome*, and that the said cows and heifers were and continued to be in the possession of the plaintiff *at Rome*, and *off the demised premises* from the 1st February, 1830, to the said time when, &c. and this, &c. wherefore, &c. To these pleas, the defendant *demurred*.

*J. G. Floyd*, for defendant.

*C. Hayden & R. B. Miller*, for plaintiff.

*By the Court*, SUTHERLAND, J. Two questions are presented by this demurrer: 1. Whether the affidavit required to be

made by a landlord, for whose benefit a distress is made, specifying the amount of rent due and the time for which it accrued, can be taken before a justice of the peace; and 2. Whether a constable, to whom a distress warrant is delivered, (the premises, in relation to which the rent accrued being in the town of which he is constable,) can follow property removed from said premises into another town, and there seize and carry it back under his warrant.

I am inclined to the opinion that a justice of the peace cannot administer an oath in such a case. The act directs, 2 *R. S.* 501, § 8, that the affidavit shall be made before some officer *authorized to administer oaths;* that is, I apprehend, an officer possessing a general authority to administer oaths; and the 49th section of the act which treats of the powers and duties of certain judicial officers, 2 *R. S.* 284, enumerates the officers of that description. The marginal note of that section is, " officers authorized to administer oaths ;" and it provides, " that whenever any oath or affidavit is or may be required or authorized by law, in any cause, matter or proceeding, (except oaths to jurors and witnesses in the trial of a cause, oaths of office, and such other oaths as are required by law to be taken before particular officers,) the same may be taken before any judge of any court of record, any circuit judge, supreme court commissioner, commissioner of deeds, or clerk of any court of record; and affidavits so taken, may be read and used in any court of law or equity, of record or not of record, within this state; and before any officer, judicial, executive or administrative, before whom any such cause, matter or proceeding may be pending." These are the officers referred to in the 8th section of the act concerning distresses, before whom the affidavits in such cases must be made. 2 *R. S.* 501. It would be unreasonable to extend it to all officers who, in any case whatever, are authorized to administer an oath. Their authority is special, and limited to particular cases, generally in express terms by the acts which confer it. Thus this same 49th section provides that affidavits to be read *in the supreme court*, may be taken by any commissioner appointed for that purpose by the said court. The 50th section authorizes oaths or affidavits to be used in the court

of chancery to be taken before any master or examiner, register or assistant register of that court, or before any commissioner appointed for that purpose by that court. Every chairman of a board of supervisors has power to administer an oath to any person concerning any matter submitted to the board, or connected with their powers or duties. 1 *R. S.* 367, § 8. Referees may administer the necessary oaths to the witnesses produced before them. 2 *R. S.* 384, § 46. The governor, the secretary of state, the comptroller, the deputy comptroller, the treasurer, the attorney general and surveyor general, wherever they may legally require proof by affidavit, in relation to any matter belonging to their respective offices, may administer the necessary oath. 1 *R. S.* 185, § 1. The oath of office may be administered by various officers who have no general authority to take affidavits, 1 *R. S.* 118, § 22 ; and there are various other cases in which the authority to administer a particular oath is specially conferred. Now, all these officers are literally *authorized to administer oaths ;* but it would be a very forced and unnatural construction to hold that these general terms extended the limited powers specially conferred upon them, with reference to particular cases, when there is a class of officers possessing general powers to administer oaths, to whom those terms strictly apply, and an application and limitation to whom give them full effect.

Justices of the peace, except so far as they are conservators of the peace, derive all their powers from the various statutes which have from time to time been passed in relation to them. In the trial of all actions within their jurisdiction, justices' courts, where special provision is not otherwise made by law, are vested with all the necessary powers which are possessed by courts of record in this state, 2 *R. S.* 225, § 1, and they may, among other things, administer oaths to witnessess, in any matter or cause pending before them, and in all other cases where it may be necessary to carry into effect their powers and duties. 2 *R. S.* 276, § 1. A justice is specially authorized to administer an oath whenever it shall be necessary to make use of an affidavit in any proceedings had before him, 2 *R. S.* 270, § 249, and, in various instances, the power is specially given. They may administer the oath to referees, 2 *R.*

*S.* 384, § 44, and to witnesses examined before arbitrators, 2 *R. S.* 541, § 5. Debtors in execution upon justices' judgments are entitled to be discharged in certain cases, upon making and delivering to the sheriff or jailer *an affidavit taken before some officer authorized to take affidavits,* stating the facts which entitle them to such discharge. 2 *R. S.* 252, § 153. Now this is precisely the phraseology used in the act concerning distresses ; and the opinion of the legislature, that it did not embrace justice of the peace, is clearly manifested by the act of the 29th April, 1831, *Laws of* 1831, *p.* 20, by which *such* affidavits are expressly authorized to be made before justices of the peace. The case of *Wood* v. *The Jefferson County Bank,* 9 *Cowen,* 194, is distinguishable from this. The act in that case was entirely silent as to the description of officers before whom the affidavit was to be taken ; there were *no general expressions* which the court were called upon to give a construction to. This objection to the cognizance therefore is well taken, and the plaintiff is entitled to judgment upon the demurrer to his second plea. The act is express that no distress shall be made, unless such affidavit is annexed to the warrant ; it is a fatal defect in the proceedings, and *no* amendment can reach or cure it.

The third plea is bad. The constable to whom the warrant was delivered had a right to follow the property which had been removed into an adjoining town. The 3d section of the act, 2 *R. S.* 501, provides that every distress for rent shall be made by the sheriff of the county or one of his deputies, or by a constable or marshal of the city or town where the goods are, who shall *conduct the proceedings throughout.* The officer who commences, must consummate the proceedings. A constable may serve process in any part of his county. Goods which have fraudulently been removed, in order to avoid a distress for rent, are, I apprehend, within the meaning of this section, to be considered as being or remaining within the town from which they have been thus removed. The demurrer to this plea is therefore well taken, and the defendant is entitled to judgment upon it.

Judgment for plaintiff upon demurrer to the second plea, and for defendant on demurrer to the third plea.