VAN SLYKE *vs.* SHELDEN and HARPER.

Upon the foreclosure of a mortgage, by advertisement and sale under the statute, the service upon the mortgagor, of the notice of sale, required to be given by the act of May 7, 1844, is one of the conditions necessary to constitute a valid foreclosure. And the omission to serve such notice renders a sale of the mortgaged premises irregular and void.

If a foreclosure is void, then the fee of the mortgaged premises still remains in the mortgagor; and no action, either of ejectment or trespass, can be maintained which affirms the title to be in the mortgagee.

THIS was an action of ejectment. The defendants appeared by different attorneys. The lands and premises in controversy were situated in the town of Little Falls, in the county of Herkimer. The complaint contained a single count. The seisin of the plaintiff was stated to have been on January 2, 1849, and the entry and eviction on the part of the defendants to have been on January 8, 1849. The complaint stated the plaintiff's seisin to be derived from a mortgage given by Stephen Shelden to Roswell D. Brown, dated April 1, 1845, which mortgage had been duly assigned to the plaintiff, and had been foreclosed. The answer of the defendant Shelden contained simply a denial of the material allegations in the complaint. The answer of the defendant Harper denied the seisin and ouster stated in the complaint, and claimed that Harper was seised in fee, of the premises in question, under and by virtue of a mortgage, and a foreclosure thereof in chancery by Wyman Trask, the assignee of said mortgage, and a conveyance of the premises to Harper, under said foreclosure. The answer set out that Garret Van Slyke was a party defendant in the forelosure suit in chancery, and was served with process. That the mortgage held by Trask was junior to the mortgage held by Van Slyke; that a decree for the sale of the mortgaged premises was made by the court of chancery; that the premises were sold under said decree and Trask became the purchaser; that Trask afterwards sold and conveyed the lands to the defendant Harper. The reply of the

plaintiff to this answer denied that the proceedings under Trask's mortgage gave to Harper any title except such as was subject to the mortgage of the plaintiff. That the plaintiff, after Trask's sale, foreclosed the mortgage held by the plaintiff, and he claimed the premises under the last mentioned sale.

The cause was brought to trial at the Herkimer circuit, on the third day of October, 1849, before the Honorable Charles Mason, one of the justices of this court.

On the trial it was admitted by the counsel for the respective parties, that the defendants were in possession of the premises in question at the time of the commencement of this suit. The following proof was introduced on the part of the plaintiff: *First.* A mortgage given by Stephen Shelden to Roswell D. Brown, dated April 1, 1845, conveying the lands in question. This mortgage was acknowledged May 29, 1845, and was duly recorded in the office of the clerk of Herkimer county, August 4, 1845. The mortgage was given to secure the payment of the sum of $136,34, in two years from date, with interest, in two equal annual installments. This mortgage was given to secure the payment of a part of the purchase money of said premises. *Second.* An assignment, indorsed on the mortgage, and signed by Roswell D. Brown, by which he professed to assign to Garret Van Slyke the mortgage, and the interest in the lands conveyed thereby. This assignment was not under seal. It was acknowledged April 6, 1846, which was also the date of said assignment. The counsel for the defendant objected against the introduction of this assignment in this case, for the reason that it was not under seal, and could not convey to the assignee the right to foreclose the mortgage by statute foreclosure. The court overruled the objection, and admitted the assignment as evidence, and to this decision of the court the counsel for the defendants excepted. *Third.* Proof of a statute foreclosure, which proof was as follows: (1.) An affidavit made on the 9th day of July, 1847, by a printer, proving that for twelve weeks previous to the date of said affidavit, an advertisement, a copy of which was annexed to said affidavit, had been published weekly in a newspaper printed and published in the county of Herki-

mer, by the said printer; and also, proving that on the day of the first publication of the said notice, it had been regularly posted up, according to law, upon the door of the court house. The advertisement was signed by the plaintiff, as assignee of said mortgage, and was a regular notice of sale, by virtue of said mortgage. No objection was made to the form or contents of said advertisement. (2.) An affidavit of the person who acted as auctioneer on the sale of said premises. This affidavit was made agreeably to the requisitions of the statute, and showed that the sale was made on the 10th day of July, 1847, being the day of sale specified in the advertisement, and at the place designated in said advertisement, and that Garret Van Slyke became the purchaser at said sale. No objection was made against the form of the affidavit. No other proof on the part of the plaintiff was produced or offered before the jury, and the plaintiff then rested his cause. The counsel for the defendant then moved for a nonsuit, for the reason that the plaintiff having failed to prove that a copy of the notice of said sale, as published in the newspaper, had been served upon the mortgagor, Stephen Shelden, as required by the act passed May 7, 1844, the statute foreclosure was invalid, and would not enable the plaintiff to sustain this action; and for the further reason, that the assignment of the mortgage not being under seal, the assignee could not make a statute foreclosure. The court refused to nonsuit the plaintiff, and the counsel for the defendants excepted to the decision of the court. The defendants then gave the following evidence to the court and jury, to wit: (1.) A record of a mortgage given by Stephen Shelden to Ora Tucker, dated May 17, 1845, conveying the premises in question. This mortgage was acknowledged August 4, 1845, and was recorded in the office of the clerk of Herkimer county, on the same day. This mortgage was given to secure the payment of one hundred and ten dollars, one year after date, with interest. (2.) An exemplified copy of the enrollment of the proceedings in the court of chancery of the state of New-York, before the vice chancellor of the 4th circuit, for the foreclosure of said mortgage. By said copy it appeared that Wyman Trask, as assignee of said mortgage, filed his bill

Van Slyke *v.* Shelden.

of complaint for the foreclosure of said mortgage, on the 26th day of June, 1846, and also filed an amended bill on the 5th day of August, 1846; Wyman Trask was the complainant in said bill; Stephen Shelden, the defendant, and Garret Van Slyke, the plaintiff in this suit, were the defendants therein. In said amended bill of complaint, it was stated and charged, that Garret Van Slyke "claims an interest in said mortgaged premises, as purchaser, and also as assignee of a mortgage given by the said Stephen Shelden to Roswell D. Brown, to secure the payment of the sum of about one hundred and fifty dollars, which said mortgage bears date prior to your orator's mortgage, and is a prior incumbrance on said premises." The bill of complaint contained the usual prayer, that the defendants appear and answer without oath, and that a decree for the sale of the mortgaged premises might be entered. And the bill also contained the following words: "And after the payment of said prior mortgage, for the payment of the amount due your orator for principal and interest upon the said mortgage with the costs in this suit." The bill also contained the usual prayer that the defendants and those claiming under them might be foreclosed, &c. It appeared from the enrolled papers, that the defendants appeared in said cause, by their solicitor, and did not put in any answer, but suffered the bill to be taken as confessed. An order of reference to a master, to compute the amount due to the plaintiff, and to the defendant Van Slyke, on their respective mortgages, was made. The report of the master on said reference, was dated November 17, 1846. By said report, the master reported that the sum of $80,72, was due to Van Slyke, on his mortgage, "for the principal and interest up to and including the date of this report."

This report was confirmed, and a decree for a sale of the mortgaged premises was made on the 12th day of December, 1846. In said decree, the master who might make the sale was ordered, amongst other things, "to pay to Garret Van Slyke the amount so as aforesaid reported to be due to him by the master, as above stated, with interest thereon from the date of said report, and to take a receipt for the same." The decree also

further contained amongst other matters, the following words, to wit : "And it is further ordered, adjudged and decreed, that the defendants, and all persons claiming or to claim, from or under them, and all persons having a lien subsequent to such mortgage, by judgment or decree, upon the land contained in said mortgage, and his or their heirs and personal representatives, and all persons having any lien or claim by or under such subsequent judgment or decree, and their personal representatives, and all persons claiming under them, be forever barred and foreclosed, of and from all equity of redemption and claim of, in and to the said mortgaged premises, and every part thereof." By said enrolled papers, it appeared, amongst other things, that the master sold said mortgaged premises under said decree, on the 13th day of February, 1847 ; that Wyman Trask became the purchaser thereof, for the sum of $360 ; that the master gave to said Trask a deed for the same, and that out of the moneys arising from the sale, the master had paid to Garret Van Slyke the sum of $82,05, and had taken his receipt for the same.

By said enrolled papers and decree of enrollment, it appeared that the defendants in said cause had duly appeared in the cause by their solicitor, on the 16th day of July, 1846, and that the amended bill was duly taken as confessed by the defendants, for want of an answer. The final decree of enrollment was made in said cause, and the enrollment was signed and filed, April 20, 1847. (2.) The defendant's counsel then read in evidence the record of a deed made by Alpheus L. Tucker, the master in chancery who made the sale of the mortgaged premises to Wyman Trask, conveying to him said premises. This deed was in the usual form, and was dated February 13, 1847, and recorded October 4, 1847. (3.) The record of a warranty deed, given by Wyman Trask to Leonard Harper, one of the defendants, and conveying said above described premises to Harper for the consideration of $300. Recorded 26th December, 1848. The subpœna served upon Van Slyke, in the foreclosure suit, was accompanied with a notice indorsed upon said subpœna to the effect that no claim was made upon Van Slyke personally, in

said suit.   The plaintiff offered to prove, on the trial, and averred that he was able to prove that the master's sale was made expressly subject to the Van Slyke mortgage, and was so announced by the master, at the time of sale, and that the purchaser must pay it when it became due.

No other evidence was given to the jury by either party.   The circuit judge decided and charged the jury, as matter of law, that the proceedings in the chancery suit above stated, were no bar to the claim of the plaintiff Van Slyke, upon the mortgage which had been assigned to him, and that the statute foreclosure, as proved by the plaintiff, was sufficient to enable him to recover. To these decisions and to this charge, the counsel for the defendant excepted.   A verdict was taken for the plaintiff, under the direction of the court, and from the judgment entered thereon, the defendants appealed.

*A. H. Waterman* and *H. Link*, for the appellants.

*C. A. Burton*, for the respondent.

*By the Court*, GRIDLEY, J.   The plaintiff claims title to the premises in question in this suit by virtue of a mortgage, executed by Stephen Sheldon, one of the defendants, to Roswell D. Brown, and by him assigned to the plaintiff.   The mortgage bears date on the first day of April, 1845, and the premises were sold, under a statute foreclosure, on the tenth day of July, 1847, and were purchased by the plaintiff.   The defendants were admitted to be in possession.

The defendants' counsel moved for a nonsuit at the trial, on the ground that no service of the notice of sale had been made on the mortgagor, pursuant to the act of May 7th, 1844.   The motion was overruled, and thereupon the defendants' counsel excepted to the decision of the court, and went into his defense; which was also overruled by the judge ; and the plaintiff had a verdict and judgment.   From this judgment the defendants have appealed, and the only question necessary to be considered is

that arising on the foreclosure of the mortgage without the service of a notice pursuant to the act of 1844.

The third section of the act for the foreclosure of mortgages, (2 *R. S.* 545,) provides as follows : " Notice that such mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given as follows."

(1st.)   By a publication in a newspaper, &c.

(2d.)   By posting the notice on the courthouse door.

The fourth section prescribes the contents of the notice ; but, the *mode* of publication remained unchanged until the act of 1844.   (*Laws of* 1844, *p*. 529.)   By that act, the third section of the act for the foreclosure of mortgages was amended by inserting the following as an additional subdivision.   (3d.)   " By serving a copy of such notice, at least fourteen days prior to the time therein specified for the sale, upon the mortgagor or his personal representatives, and upon the subsequent grantees and mortgagees of the premises, whose conveyance and mortgage shall be upon record at the time of the first publication of the notice, and upon all persons having a lien, by or under a judgment or decree, upon the mortgaged premises, subsequent to such mortgage, personally, or by leaving the same at their dwelling house, in charge of some person of suitable age, or by serving a copy of such notice upon said persons at least twenty-eight days prior to the time therein specified for the sale, by depositing the same in the post office, properly folded and directed to the said persons, at their respective places of residence."   The foreclosure of the mortgage in question was in the year of 1847, and there was no proof of the service of any such notice, notwithstanding the omission of such service on the mortgagor was made a specific ground of objection.

It is argued that the omission of this notice did not render the sale irregular and void.   We think otherwise.   After this new provision was incorporated by amendment into the act for the foreclosure of mortgages, it was just as necessary to prove the notice served, as to prove the publication in the newspaper, or the posting on the courthouse door.   It is one of the modes of giving notice, ordained by the act, as a condition of the foreclosure.

In *Bloom* v. *Burdick*, (1 *Hill*, 130, 139, 141,) Bronson, J. says, while discussing the necessity of the statutory notice and appointment of guardians for infants in the surrogate's court: "The surrogate undoubtedly acquired jurisdiction of the *subject matter*, on the presentation of the petition and account; but that was not enough. It was also necessary that he should acquire jurisdiction of the person. It is a cardinal principle in the administration of justice, that no man can be condemned, or divested of his right, until he has had the opportunity of being heard. He must either by serving process, publishing notice, appointing a guardian, or in some other way, be brought into court; and if judgment is rendered against him before that is done, the proceeding will be utterly void." Again he says, " In every form in which the question has arisen it has been held that a statute authority by which a man may be deprived of his estate, must be strictly followed." In *Thatcher* v. *Powell*, (6 *Wheat.* 119,) Marshall, Ch. J. said it was a self-evident proposition, that no individual or public officer can sell and convey a good title to the land of another, unless authorized to do so by express law. And the person invested with such a power must pursue with precision the course prescribed by law, or his act will be invalid." (*See also to the same effect, Jackson* v. *Esty,* 7 *Wend.* 148; 13 *Id.* 465; 4 *Wheat.* 77; 4 *Hill,* 76.) These authorities are directly applicable to the case in hand. The mode of foreclosing a mortgage by statute, was a substitute for a foreclosure in the court of chancery. A service of the subpœna in chancery was necessary to give the court jurisdiction of the person of the defendant. In the substituted proceeding, at the first, provision was made for notifying the mortgagor and others having liens on the land, by publication in a newspaper, and by posting the notice on the courthouse door. In 1844 the legislature thought it proper to require a service of the notice on the mortgagor, and his grantees, &c., either personally or by mail. And this amendment was made by adding a third subdivision embodying the new requirement, to the former requisites of publication and posting a notice on the door of the courthouse, so that the act should now read as though this new provision was

Van Slyke *v.* Shelden.

originally a part of the statute, and was one of the conditions on which the foreclosure depended. The same idea is carried out in the following sections of the act of 1844. By the second section of that act, provision is made for the perpetuation of the proof of this service, by an affidavit, just as the publication of the notice in a newspaper and the posting on the courthouse door is made by affidavit. These affidavits are to be recorded, by the twelfth section of the act in the revised statutes, and in this manner, the evidence of the performance of all these jurisdictional facts is preserved. Again: the eighth section of the revised statutes, which declares the effect of a sale upon advertisement, is amended by the act of 1844, so as to make the sale a *bar*, only on condition that the notice has been served on the parties, pursuant to the new requirements of that act.

If the foreclosure is void, as it most clearly is, then the fee still remains in the mortgagor, and no action can be maintained, either of ejectment or trespass, which affirms the *title* to be in the mortgagee. In fact, the mortgagor may himself maintain trespass for an invasion of his rights. (*See Runyan* v. *Mersereau*, 11 *John.* 534; *Watson* v. *Spence*, 20 *Wend.* 265, *and cases there cited.*) In addition to this, it is provided by the statute itself that no action shall be maintained at the suit of the mortgagee, until the mortgage has been duly foreclosed. (2 *R. S.* 312 § 57.)

A new trial is granted.