Stanton v. Ellis.

In proceedings by an insolvent debtor, in pursuance of the statute relating to "voluntary assignments made pursuant to the application of an insolvent and his creditors," a *due publication* of notice of the hearing and *legal proof* thereof, is necessary to give the officer jurisdiction, and to authorize the granting of a discharge which shall bar the claims of creditors.

In order to waive an objection, a party must have the *notice* which the law prescribes, of the time and place for making it; and the officer must have *proof of the service of this notice.*

An affidavit of the publication of a notice for creditors to appear and show cause, upon an application by an insolvent debtor for his discharge, sworn to before a *master in chancery*, is of no force or validity whatever; and furnishes *no proof* that the order to show cause has been published.

APPEAL by the defendant from a judgment entered against him, at a special term. The complaint alleged the recovery of a judgment in the supreme court, on the 11th day of February, 1843, in favor of George W. Stanton, George W. Stanton, jun. and Charles H. Stanton, against the defendant Joseph P. Ellis, for $601,12, which remains in full force, unpaid, &c. That on the 10th of September, 1845, C. H. Stanton transferred his interest in the judgment to G. W. Stanton and G. W. Stanton, jun. That on the 8th of April, 1849, G. W. Stanton died, leaving a will appointing G. W. Stanton, jun. and Noah Lee execu-

tors and Sally Stanton, executrix. That the will was proved before the surrogate of Albany county, and the executors and executrix qualified and entered upon the execution thereof. That the plaintiffs were the owners of the judgment and entitled to recover the amount due thereon. They therefore demanded judgment for that sum. The answer admitted the recovery of the judgment, but denied that the same was still in force, or that the plaintiffs were entitled to recover and receive the moneys alleged to be due thereon, or any part thereof, &c. The answer also alleged, that on or about the 4th day of March, 1846, at Watertown, Jefferson county, the defendant being an inhabitant of said county and insolvent, did in conjunction with two-thirds of his creditors in amount, residing in the United States, duly present a petition in pursuance of the statute relating to " voluntary assignments made pursuant to the application of an insolvent and his creditors," to G. C. Sherman, Esq. judge of the court of common pleas of said county, counsellor, &c. ; and that such proceedings were had that the defendant was duly discharged from his debts on the 1st day of January, 1847. The reply denied the new matter set up in the answer, and alleged that the defendant's petition and accompanying papers were presented to the judge on the 12th day of October, 1846 ; that the petitioning creditors, as appeared by the schedule, did not amount to two-thirds in amount of the creditors within the United States ; that the papers were defective and did not confer jurisdiction upon the officer in the matter, and the proceedings had under them were void; that the papers were defective in several particulars specified, but not necessary to be here mentioned. The reply further alleged, that on or about the 12th day of October, 1846, the judge made an order requiring publication of notice for creditors to show cause on the 1st of January (then) next, at 10 A. M. why the defendant should not be discharged, &c. That no notice was published in pursuance of such order ; that the judge never had proof of the publication of notice as directed by said order, without which the judge had no authority to entertain any other proceedings in the matter. The reply also alleged fraud in fact in the obtaining of such discharge, setting up and

Stanton *v.* Ellis.

alleging a great number of specific acts of fraud. The cause was tried at the Jefferson circuit in September, 1852. before his honor D. Pratt, without a jury, a jury being waived by the parties. On the trial the plaintiffs proved the judgment and the amount of interest due, and rested. The defendant then proved the defendant's discharge under the two-third act, dated January 1st, 1847, recorded January 27th, 1847; which was received in evidence, under numerous objections of the plaintiffs' counsel. The plaintiffs then gave in evidence exemplified copies of the insolvent papers on which the discharge was granted, and claimed the proceedings were void; that the officer granting the discharge never acquired jurisdiction, and the discharge was void, specifying twelve specific grounds or causes; among which was the following: that the affidavit of the publication of the notice in the city of New-York, sworn to on the 23d of Dec. 1846, was sworn to before A. O. WILLARD, a *master in chancery ;* and that this was the only proof of such publication, produced before the officer. The cause was then submitted, and the judge decided that the defendant's insolvent papers were defective; that the officer never acquired jurisdiction; and ordered judgment for the plaintiffs.

*B. B. Burt,* for the plaintiffs.

*J. W. Tamblin,* for the defendant.

*By the Court,* GRIDLEY, J. As to some of the objections made to the discharge of the defendant, it is sufficient to say that they are founded on defects which are not jurisdictional, but which, had the favor been asked on the day of showing cause, would have been allowed to be amended. There is a large class of defects in the proceedings of an insolvent, which are waived by a failure to object to them at the proper time. In truth the very reason for requiring notice of the day and place of showing cause against the granting of the discharge, is that objections may be made, and brought to the notice of the officer, before the discharge is granted, that he may pass on them and deny the

prayer of the petitioner, or allow an amendment, if the defect is amendable.   The court say, in *Taylor* v. *Williams*, (20 *John.* 21,) that there are many exceptions which ought to be allowed if made at the hearing, and ought not to be listened to if made after the discharge.   If the creditors do not attend, in due time, to oppose, their assent is presumed, and that they have waived all opposition.   (*Matter of Bradstreet*, 13 *John.* 385.)

But there is one defect in the proceedings which, without particularly examining any of the others, seems to us material.   A due publication of notice of the hearing was necessary to give the officer jurisdiction over the proceedings, and to authorize the granting of a discharge which should bar the claims of creditors. In order to waive an objection a party must have the *notice* which the law prescribes, of the time and place for making it; and the officer must have *proof of the service of this notice.* This was a case where notice was required to be published in a newspaper in the city of New-York; and the *only proof* of the publication of that notice was furnished by an affidavit, purporting to be sworn to before a master in chancery.   By the 12th section of the act concerning voluntary assignments, &c. (2 *R. S.* 18, § 12,) it is expressly enacted "that before any other proceeding be had, the officer shall require proof of the publication of the notice as herein directed."   The supreme court have held in two cases, (9 *John.* 75; 11 *Id.* 175,) that when the statute requires a magistrate to receive "proof" or "satisfactory proof" of a fact, *legal proof* is meant; and in one of the cases cited, an action of trespass was sustained against the magistrate, on the ground that the judgment was *void* for the violation of this principle.   The proceeding at bar is void and without jurisdiction if the discharge was granted without due proof of the publication of notice of the order to show cause, on very familiar principles. It is necessary that a party should have a day in court, or opportunity to show cause against a proceeding that is to affect his rights, or the proceeding will be utterly void.   (*Borden* v. *Fitch*, 15 *John.* 121.   *Bigelow* v. *Stearns*, 19 *Id.* 39.   *Mills* v. *Martin*, *Id.* 7.)   No other principle can be tolerated, in a free government.   That a man's personal rights, or rights of property,

should be divested, without notice, is the very essence of despotism. In an ordinary suit at law this notice is given by the service of process. In the foreclosure of mortgages, by advertisement under the statute, and in this proceeding, and some others, the statute has provided, in lieu of serving process, the publication of a notice, in certain newspapers, which, when done, operates to give all persons interested a day in court; and affords them an opportunity, at least to show cause against the proceeding that is to take away their rights. The late Chief Justice Bronson said, in *Bloom* v. *Burdick*, (1 *Hill*, 139,) "It is a cardinal principle in the administration of justice, that no man can be condemned, or divested of his rights, until he has had the opportunity of being heard. He must either, by serving process, publishing a notice, appointing a guardian, or in some other way, be brought into court. And if judgment be rendered against him before that is done, the proceeding will be as utterly void as if the court had undertaken to act when the subject matter was not within its cognizance." " This is the rule in relation to all courts, with only this difference, that the jurisdiction of a superior court will be presumed, till the contrary appears ; whereas an inferior court, and those claiming under its authority, *must show that it had jurisdiction.*" " There should always appear sufficient, on the face of the proceedings of an inferior court, to show that it has jurisdiction in the case of which it takes cognizance. (*Powers* v. *The People*, 4 *John.* 292.) If a court issues process that is illegal, or holds cognizance of a cause without having acquired jurisdiction of the person of the defendant, the proceedings will be void." (19 *John.* 39. 4 *Denio*, 118.) In *Van Slyke* v. *Shelden*, (9 *Barb.* 278,) this court held that the omission to mail notices in addition to the publication required by statute, rendered the foreclosure void. In such a case all that the act requires to be done, to give notice to those who are interested, should be strictly complied with, or the proceeding founded on such notice is void.

If this be so, then the affidavit purporting to be sworn to before a master in chancery, not being *legal proof* according to the principle laid down in 9*th John.* 75, and 11*th Id.* 175,

Stanton *v.* Ellis.

left the case without *any proof* of publication in New-York. The statute has provided before whom affidavits, to be used before an officer, under the act which authorizes a discharge to be granted, should be sworn to ; and a master in chancery is not one of these officers.   But the next section does provide when an affidavit may be made before a master in chancery. (2 *R. S.* 284, §§ 49, 50.   *See* 9 *Wend.* 340.)   The oath taken before the master in chancery was of no force or validity whatever.   No perjury could be assigned on such an affidavit.   It was not *legal* proof.   It was no proof *at all*, any more than if the affidavit had been sworn to before a sheriff or constable. There was therefore *no proof* that the order to show cause had been published, or that the creditors had been notified, as the statute requires, of the time and place of showing cause ; and of course the proceeding founded on it was void.   It is said, however, that the question of jurisdiction here, was one which was *directly passed on* by the officer, and of course could not be reviewed except by a direct proceeding in error ; and we are referred to *Cowen & Hilll's Notes*, 1016, 1017, 1020 ; 17 *Wend.* 407, and 20 *John.* 209, for the authority on which the argument is founded.   There is such a principle as that relied on by the defendant's counsel, but it has no application here.   Every justice of the peace who holds a court, and entertains an action for assault and battery, or malicious prosecution, or slander ; and every such magistrate who issues a warrant or attachment without sufficient proof, might be protected under this principle, if it had any application ; but it has not.   We are therefore compelled to say that the discharge granted in this case is void, and forms no bar to the action.

Judgment affirmed.

[JEFFERSON GENERAL TERM, July 4, 1853.   *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]