By the Court, Gridley, J.
As to some of the objections made to the discharge of the defendant, it is sufficient to say that they are founded on defects which are not jurisdictional, but which, had the favor been asked on the day of showing cause, would have been allowed to be amended. There is a large class of defects in the proceedings of an insolvent, which are waived by a failure to object to them at the proper time. In truth the very reason for requiring notice of the day and place of showing cause against the granting of the discharge, is that objections may be made, and brought to the notice of the officer, before the discharge is granted, that he may pass on them and deny the *322 prayer of the petitioner, or allow an amendment, if the defect is amendable. The court say, in Taylor v. Williams, (20 John. 21,) that there are many exceptions which ought to be allowed if made at the hearing, and ought not to be listened to if made after the discharge. If the creditors do not attend, in due time, to oppose, their assent is presumed, and that they have waived all opposition. (Matter of Bradstreet, 13 John. 385.)
But there is one defect in the proceedings which, without particularly examining any of the others, seems to us material. A due publication of notice of the hearing was necessary to give the officer jurisdiction over the proceedings, and to authorize the granting of a discharge which should bar the claims of creditors. In order to waive an objection a party must have the notice which the law prescribes, of the time and place for making it; and the officer must have proof of the service of this notice. This was a case where notice was required to be published in a newspaper in the city of Hew-York; and the only proof of the publication of that notice was furnished by an affidavit, purporting to be sworn to before a master in chancery. By the 12th section of the act concerning voluntary assignments, <fcc. (2 R. S. 18, § 12,) it is expressly enacted “ that before any other proceeding be had, the officer shall require proof of the publication of the notice as herein directed.” The supreme court have held in two cases, (9 John. 75; 11 Id. 175,) that when the statute requires a magistrate to receive “proof” or “satisfactory proof” of a fact, legal proof is meant; and in one of the cases cited, an action of trespass was sustained against the magistrate, on the ground that the judgment was void for the violation of this principle. The proceeding at bar is void and without jurisdiction if the discharge was granted without due proof of the publication of notice of the order to show cause, on very familiar principles. It is necessary that a party should have a day in court, or opportunity to show cause against a proceeding that is to affect his rights, or the proceeding will be utterly void. (Borden v. Fitch, 15 John. 121. Bigelow v. Stearns, 19 Id. 39. Mills v. Martin, Id. 7.) Ho other principle can be tolerated, in a free government. That a man’s personal rights, or rights of property, *323 should be divested, without notice, is the véry essence of despotism. In an ordinary suit at law this notice is given by the service of process. In the foreclosure of mortgages, by advertisement under the statute, and in this proceeding, and some others, the statute has provided, in lieu of serving process, the publication of a notice, in certain newspapers, which, when done, operates to give all persons interested a day in court; and affords them an opportunity, at least to show cause against the proceeding that is to take away their rights. The late Chief Justice Bronson said, in Bloom v. Burdick, (1 Hill, 139,) “ It is a cardinal principle in the administration of justice, that no man can be condemned, or divested of his rights, until he has had the opportunity of being heard. He must either, by serving process, publishing a notice, appointing a guardian, or in some other way, be brought into court. And if judgment be rendered against him before that is done, the proceeding will be as utterly void as if the court had undertaken to act when the subject matter was not within its cognizance.” “ This is the rule in relation to all courts, with only this difference, that the jurisdiction of a superior court will be presumed, till the contrary appears ; whereas an inferior court, and those claiming under its authority, must show that it had jurisdiction.” “ There should always appear sufficient, on the face of the proceedings of an inferior court, to show that it has jurisdiction in the case of which it takes cognizance. (Powers v. The People, 4 John. 292.) If a court issues process that is illegal, or holds cognizance of a cause without having acquired jurisdiction of the person of the defendant, the proceedings will be void.” (19 John. 39. 4 Denio, 118.) In Van Slyke v. Shelden, (9 Barb. 278,) this court held that the omission to mail notices in addition to the publication required by statute, rendered the foreclosure void. In such a case all that the act requires to be done, to give notice tó those who are interested, should be strictly complied with, or the proceeding founded on such notice is void.
If this be so, then the affidavit purporting to be sworn to before a master in chancery, not being legal proof according to the principle laid down in 9th John. 75, and 11th Id. 175, *324 left the ease withotit any proof of publication in New-York. The statute has provided before whom affidavits, to be used before an officer, under the act which authorizes a discharge to be granted, should be sworn to; and a master in chancery is not one of these officers. But the next section does provide when an affidavit may be made before a master in chancery. (2 R. S. 284, §§ 49, 50. See 9 Wend. 340.) The oath taken before the master in chancery was of no force or validity whatever. No perjury could be assigned on such an affidavit. It ■was not legal proof. It was no proof at all, any more than if the affidavit had been sworn to before a sheriff or constable. There was therefore no proof that the order to show cause had been published, or that the creditors had been notified, as the statute requires, of the time and place of showing cause; and of course the proceeding founded on it was void. It is said, however, that the question of jurisdiction here, was one which was directly passed on by the officer, and of course could not be reviewed except by a direct proceeding in error; and we are referred to Cowen & Hill's Notes, 1016,1017,1020; 17 Wend. 407, and 20 John. 209, for the authority on which the argument is founded. There is such a principle as that relied on by the defendant’s counsel, but it has no application here. Every justice of the peace who holds a court, and entertains an action for assault and battery, or malicious prosecution, or slander; and every such magistrate who issues a warrant or attachment without sufficient proof, might be protected under this principle, if it had any application; but it has not. We are therefore compelled to say that the discharge granted in this case is void, and forms no bar to the action.
[Jefferson General Term,
July 4, 1853.
Gridley, W. F. Allen, Hubbard and Pratt, Justices.]
Judgment affirmed.