By the Court.—Brady, J.
It is admitted by stipulation to that effect, that the proof given on the trial herein of the proceedings before the officer granting the defendant’s discharge as an insolvent, fully represents such proceedings and evidence, and every part thereof, taken before such officer, and such evidence shows that no proof of publication of notice as directed by him to be made was produced to him.
The statute provides that on the day appointed for the creditors to show cause, the. officer shall proceed to hear the proofs and allegations of the parties, and before any other proceeding be had, shall require proof of the publication of the notice therein directed (2 Rev. Stat., 4 ed., 201, § 17). This provision is entirely free from any ambiguity; and the duty of the officer is plainly marked out. He may proceed on the day ll named, to hear the proofs and allegations; but before any other proceeding shall be had, he must require proof of publication. The other proceeding would be an order directing the assignment, which is preliminary to the discharge. The reason for requiring the proof of *204 publication is apparent. The creditors are entitled to notice ; and when it is to be given by publication only, they are deprived of it. and an important element of the proceeding is disregarded, if the officer can dispense' with proof that it has been given. He possesses no such authority.' It is not a matter of discretion, but of duty, and one which he should faithfully discharge. It fol-1 lows, that if he had not the power to do more than hear ■ the proofs and allegations, he could not grant the discharge, or any of the necessary orders prior thereto.
The sufficiency of the proof of publication rests, it is true, on the officer ; but there must be some proof. It is conceded in this case, as already stated, that there was no proof produced ; and therefore it is clear that he had not the power to grant the discharge which he gave.
This point was decided in the matter of Underwood, 3 Cow., 59; Stanton v. Ellis, 16 Barb., 319; and asserted in Small v. Wheaton, 4 E. D. Smith, 309, upon a review of the authorities, although not directly involved in that case. There is a suggestion by Dentó, J., in Staton v. Ellis, in the court of appeals, (12 N. Y. [2 Kern.), 575), that if jurisdiction was acquired by the original papers, the recital in the discharge covered the want of notice. The question was not examined, however, in that case, although the decision in the supreme court was based upon the point.
I consider the proof of publication an original paper, which is indispensable to the further progress of the officer, after hearing the proofs and allegations, and.» without which he cannot proceed. The, creditor must have notice, to be concluded.
The case of Soule v. Chase (1 Abb. Pr. N. S., 48), is not in conflict with the views herein expressed. There was some proof of publication in that case, and the-court said (page 58), that “there was no evidence in! this case that the affidavits offered were the only proof, of publication received by the officer, and the recitals in *205 the discharge are at least prima facie evidence of due proof, even if it were a jurisdictional fact.”
The question under consideration does not appear to have been presented in the case of Rusher v. Sherman (28 Barb., 416), and that case is not an authority against the conclusions herein expressed.
Judge Ingraham, who wrote the opinion, does not refer to the decision of the case of Stanton v. Ellis (supra), and in which that point was expressly decided.
I think' the judgment, for these reasons, should be affirmed.