## LOVE V. McALISTER.

1. **AFFIDAVIT:** *Clerk of another State can not take to be used here.*

   A clerk of a court of another State is not authorized to take affidavits to be used in this State, and an appeal from a justice of the peace's judgment on such an affidavit will be dismissed.

2. **AFFIDAVIT:** *By whom to be taken.*

   If a statute does not name the officer before whom an affidavit may be made in the State it may be taken by any officer in the State authorized to administer oaths.

3. **APPEAL FROM JUSTICE OF THE PEACE:** *Affidavit for: Jurisdiction of Circuit Court; cost.*

   Where there is no affidavit for an appeal from a justice of the peace the Circuit Court acquires no jurisdiction of the case, and can render no judgment for costs on dismissing it.

APPEAL from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*Ratcliffe & Fletcher* for appellant.

1. Before the adoption of the Code affidavits could be made before clerks. Although section 2539 Gantt's Digest omits *clerk*, there are no words of exclusion or prohibition in it, nor does it repeal any former law. It only intended to make the certificates of the officers named proof as stated. If any other officer should take it, proof of his authority might be produced *aliunde*, which is waved in this case. If an affidavit taken before a clerk was good at the time of the adoption of the Code, it is good now. *Rev. Stat., ch. 120, sec. 6; Gantt's Dig., secs. 25, 33.*

An affidavit taken in Missouri before an officer authorized by law to administer oaths, is good in Arkansas, unless expressly declared not to be. *See 38 Cal., 93; 4 Cow., 194; 9 Ib., 194; 7 Wend., 516; 9 Ib., 340; 1 Mill. (Const. S. C.), 137; 44 Ala., 319.*

2.   Where an appeal is dismissed for want of a proper affidavit for appeal, the Circuit Court has no jurisdiction, and can not render any judgment for costs.   *6 Ark., 182;* *21 Ib., 264.*

*W. F. Hill* for appellee.

An affidavit for an appeal taken before the clerk of a court, outside of this State, is a nullity.   *Gantt's Dig., sec.* *2539, 2540.*

When a statute does not designate the officer before whom an affidavit may be made, it may be made before any officer having power to administer oaths.   (*38 Cal., 93–9; 14 Ala., 423; 4 Wash., 601; 9 Cow., 194; 9 Wend., 340; 16 Barb., 319.*)   But where a statute enumerates a class of officers before whom affidavits can be taken, all others are excluded. *7 Wend., 516; 16 Barb., 319; 76 N. C., 113.*

ENGLISH, C. J.   Jefferson McAllister sued P. C. Love before a justice of the peace of Pulaski County, on an open account for money had and received, and on a trial recovered judgment for $73.60.

Love prayed an appeal to the Circuit Court, which was granted upon the filing of an appeal affidavit made by him before W. A. Turner, county clerk of Webster County, in the State of Missouri, authenticated by his seal of office.

In the Circuit Court the plaintiff moved to dismiss the appeal because no such affidavit for appeal as required by law had been filed before the justice.

On the hearing of the motion it was admitted that W. A. Turner, before whom the appeal affidavit was made, was at the time clerk of Webster County, Missouri; that the proper seal of his office was attached, and that he as such clerk was authorized by the laws of Missouri to administer oaths and take affidavits.

The court sustained the motion to dismiss the appeal, and defendant, Love, took a bill of exceptions and appealed to this court.

I. An affidavit for an appeal from a judgment of a justice of the peace to the Circuit Court must be made by the party appealing, or some person for him. *Gantt's Digest, sec. 3821.*

1. Affidavit taken by clerk of another State.

An affidavit may be made out of this State before a commissioner appointed by the Governor of the State to take depositions, or before a judge of a court, mayor of a city, notary public or justice of the peace, whose certificate shall be proof of the time and manner of its being made. *Gantt's Digest, sec. 2539.*

An affidavit may be made in this State before a judge of a court, justice of the peace, notary public, an examiner or clerk of a court. *Ib., 2540.*

So it seems, by these sections of the statute, an affidavit may be made in this State before the clerk of a court, but not out of the State.

The officers before whom an affidavit may be made out of the State being mentioned in the statute, an affidavit made before an officer not named, is of no validity in this State. *People v. Tioga, C. P., 7 Wend., 516; Stanton v. Ellis, 16 Barb., 319; Benedict v. Hall, 76 N. C., 113.*

Had the statute provided that an affidavit might be made out of the State before any officer authorized by the laws of the State where made to administer oaths, the affidavit in question would be valid, but the statute does not so provide.

If a statute does not name the officer before whom an affidavit may be made, it may be made before any officer authorized by law to administer oaths. This is the rule as to domestic affidavits. *Dunn v. Ketchum, 38 Cal., 93;*

*Wood v. Jefferson Co. Bank, 9 Cowan, 205; Christman v. Floyd, 9 Wend., 342.*

II.  On dismissing the appeal the court rendered the judgment against appellant for costs.

It has been several times decided by this court that where a Circuit Court dismisses a case or an appeal for want of jurisdiction, it can render no judgment for costs. *McKee v. Murphy, 1 Ark., 55; Neal v. Peay, 21 Ib., 93; Derton v. Boyd, 21 Ib., 265.*

The judgment for costs is reversed, and the judgment dismissing the appeal is affirmed.