## BAKER *vs.* WILLIAMS.

The *affidavit* which a party may make in order to obtain an attachment against a witness, for non-attendance, before a justice of the peace, need not be an oath in writing, according to the strict and technical sense of that word. The application for the attachment, and the oath in support of it, may be oral.

THIS was an action for slander, tried at the Steuben circuit, in August, 1848, before Marvin, justice. The declaration recited that an action of assumpsit had been commenced before a justice of the peace of Steuben county, by Baker against Williams, and that while the same was depending and undetermined, viz. on the 25th day of March, 1847, Baker, in order to obtain an attachment against certain defaulting witnesses, who had been duly subpœnaed, made oath, in due form of law, before the justice, to the due subpœnaing, and of the materiality of said witnesses, and of their neglect to attend in pursuance thereof. The declaration then charged the slanderous words to have been uttered by the defendant in relation to the statements of the plaintiff while under oath on such application for an attachment, imputing perjury to the plaintiff, in such statements. The defendant pleaded not guilty. On the trial, it appeared that the application before the justice, for an attachment against the witnesses, and the oath made by the plaintiff in support of such application, were merely oral, and not in writing. The defendant's counsel thereupon objected to any evidence of words spoken by the defendant in relation to such oath, on the ground that the same was extra-judicial, and not being an affidavit in writing, slander could not be predicated upon it. The presiding justice overruled the objection, and the defendant excepted. Evidence was then given of the speaking of the slanderous words charged in the declaration, and the plaintiff recovered a verdict.

The defendant moved to set aside the verdict, and for a new trial.

*W. Barnes*, for the defendant.

*Jno. K. Hale*, for the plaintiff.

*By the Court,* WELLES, P. J. The only question in this case is, whether the *affidavit* which a *party* may make in order to obtain an attachment against a defaulting witness before a justice of the peace, must of necessity be an oath in writing, according to the strict and technical sense of that word. The action was slander, for words imputing perjury to the plaintiff, in testifying to facts on his application for such attachment in a suit before a justice, where he was plaintiff, against the present defendant; and the evidence on the trial at the circuit, of the present suit, showed that the plaintiff's oath before the justice was merely oral, and not in writing, according to the strict definition of an affidavit. The defendant objected to proof of the words alledged to be slanderous, on the ground that the oath was extra-judicial, upon which perjury could not be predicated; and hence that no words charging the plaintiff with perjury or false swearing, in taking such oath, could be actionable, as they imputed no legal crime. The circuit judge overruled the objection, and the defendant excepted.

By the justices' act in the revised statutes, (2 *R. S.* 241, § 83,) in order to obtain an attachment against a witness, the party was bound to make it appear to the satisfaction of the justice, *by proof made before him,* that any person duly subpœnaed to appear before him in any cause, shall have refused without just cause, to attend as a witness in conformity to such subpœna, and the party in whose behalf such witness shall have been subpœnaed, shall make oath that the testimony of such witness is material, the justice shall have power to issue an attachment to compel the attendance of such witness. Under similar language in another statute, authorizing a warrant in case the plaintiff should "prove to the satisfaction of any justice that the defendant is about to depart," &c. it was held that *proof,* there meant legal evidence, and that would not be the party's own oath, unless the statute expressly said so. (*Brown v. Hinchman,* (9 *John. Rep.* 75.) The question in the case cited, however, came up on certiorari, and it was only held to be error, it appearing that the defendant had raised the objection in due time. We have not been referred to any authority

Baker *v.* Williams.

to show that such proof would be absolutely void, so as not to give the justice jurisdiction to issue the warrant. As to that, I do not design to express any opinion; because the view I am about to take will render it unnecessary.

By a statute passed in 1834, it is provided that "the proof required to obtain an attachment for a witness in any suit before a justice of the peace, by section eighty-three, of chapter second, part third, of the revised statutes, may be made by the affidavit of the party in the suit applying for such attachment, or by other competent testimony to the satisfaction of the justice before whom such suit is pending." (*Sess. L. of* 1834, *p.* 421. 2 *R. S.* 3*d ed.* 338, § 84.) It is contended by the defendant's counsel that by the statute of 1834, the oath of the party can not be received, unless reduced to writing, subscribed by the party, and sworn to, and made to possess all the characteristics of an affidavit, according to the strict definition of the term.

The statute of 1834, referred to, does not supersede the provision of the revised statutes, but is a cumulative provision merely. A party may still make oath to the materiality of the witness, and make it appear, &c. by proof, &c. that the witness has been duly subpœnaed, &c. according to the revised statutes. I am not aware that such oath of the party, under the latter statutes, was ever required to be in writing. The statute does not in terms require it, and no good reason can be urged why it should be in writing, any more than the proof by competent witnesses of the service of the subpœna should be in the form of a written affidavit. Then the statute of 1834 comes in, and provides that *all the proof* necessary to obtain the attachment may be made by the party, as well of the subpœnaing as of the materiality of the witness. Now can it be that the legislature intended the inconsistency of requiring a part of the party's oath to be in writing, (that part which proves the service of the subpœna, &c.) and dispensing with it in the other part, (the part that shows the witness' materiality?) or, of providing two modes of proof in order to obtain an attachment, one of which shall require the party to make affidavit in writing, of the materiality of the witness, and the other dispensing with it? If they have,

they must be obeyed. The question is, whether they have or not; and that depends upon the sense which is to be attached to the word "affidavit," in the statute of 1834. We know that in common parlance, the word is understood to mean any form of legal oath which may be taken. The words oath, deposition, testimony and affidavit, when used in reference to legal proceedings, convey to the unprofessional ear, the same meaning as do the verbs to swear, to make oath, to depose, to testify, and to make affidavit; and we know as well that each has its own distinctive legal technical meaning. The statute in which the word in question is found, was passed for the people at large, and the language, I think, should be understood and interpreted as it would be received by ordinary intelligent persons, who are not supposed to be acquainted with technical legal distinctions.

I think the learned justice before whom the cause was tried took the proper view of the subject; and it follows that a new trial should be refused.

New trial denied.

[Monroe General Term, September 2, 1850. *Welles, Johnson* and *Selden,* Justices.]