M'GILL *against* PERRIGO AND OTHERS.

ALBANY,
August, 1812.

INGALLS, for the defendants, moved to change the *venue* in this cause, which was a *scire facias* on a judgment, from *Albany* to *Washington* county, where the *venue* in the original action was laid.

*The venue in a suit by scire facias on a judgment, must be laid in the county in which the venue was laid in the original action.*

*Wendell,* contra.

*Per Curiam.* A *scire facias* to revive a judgment is a continuation of a former suit; and the *venue* ought to be laid in the county in which it was laid in the original action. The *English* practice is decisive. (*Chitty's Plead.* 272. *Tidd's Prac.* 1035. *Hob.* 4. *Yelv.* 218. *Cro. Jac.* 231.)

Rule granted.

---

## NOBLE *against* JOHNSON.

H. BLEECKER, for the defendant, moved for the discharge of the defendant, who was in custody, having been surrendered by his bail, but had since obtained a certificate of discharge under the insolvent act.

*The validity of a certificate of discharge, under the insolvent act, will not be tried by affidavit, on motion for the insolvent's discharge from custody; but the plaintiff must resort to his action.*

*Paine,* contra, objected that the certificate of discharge was obtained by fraud, and offered affidavits.

*Per Curiam.* We will not try the validity of a discharge under the insolvent act, by affidavits. It was so decided, on several similar applications, at the last term. The plaintiff must resort to his action.

Rule granted.