REED *against* GORDON & WALLOCK.

The validity of a discharge under the *two thirds* *act*, cannot be questioned on an application to discharge the defendant on common bail, either on the ground of fraud or irregularity.

P. A. JAY, moved to discharge the defendants on common bail. They were both discharged, under the " *act for* *giving relief in cases of insolvency*," (*Sess*. 36, *c*. 98, 1 *R. L.* 460,) on the 25th *January*, 1819, by the Hon. *H. Garrison*, First Judge of *Putnam* County ; and they were now arrested and held to bail on a *capias ad. resp.* for a debt which was due before the assignment. The affidavits to oppose the motion went to establish fraud in obtaining the discharges, in secreting property and in procuring persons to become petitioning creditors, to whom nothing was due, or for larger sums than were due to them ; and went also to show that the defendants were neither inhabitants of, nor imprisoned in *Putnam* County, when they applied to be discharged ; but that, with a view to give the First Judge of that County *jurisdiction*, they had *colluded* with a friendly creditor there, who caused their appearance, merely, to be indorsed upon a *capias ad. resp.* and that the defendants had availed themselves of this as *an imprisonment there*, within the act. The validity of the discharge, on these questions of fraud, had been tried in the City Sessions, on the traverse of an indictment for a libel, found against Messrs. *Simons* & *Wheaton*, on the complaint of *Gordon*, one of the defendants. That the cause was put to the Court and Jury, distinctly upon the question of the fraud, which was proved by a great number of witnesses, and the defendants were acquitted. The plaintiff swore that he apprehended the loss of his debt, unless the defendants should be holden to bail.

The questions now moved, were first heard during this term, before the Hon. *J. T. Irving*, First Judge of the city and county of *New-York*, who declined deciding them, and advised the counsel concerned, as the Supreme Court were then in session in the city, and as he considered the points raised to be difficult and important, to submit them directly to this Court.

*Jay*, said that this application involved a mere question of law. The practice in the English Courts, is uniformly to order *common bail*, where the defendant has obtained his *certificate* under the bankrupt law,(*a*) or his *discharge* under the insolvent act.(*b*) The validity of these discharges cannot be gone into, upon *ex parte* affidavits. They were granted under the *two thirds act*, the 8th section of which (1 *R. L.* 464,) provides, that they shall be *conclusive evidence* of the facts which they contain.

The 13th section, (1 *R. L.* 466,) provides for the specifick cases in which the discharge may be avoided ; and, in *Lester* v. *Thompson & White*, (1 *John. Rep.* 300,) the Court considered this express provision as excluding any other ground of attack. Collusive imprisonment is not enumerated among the causes of avoidance. This objection should have been made before the *Judge*, who, we are to presume, did his duty ; and that full notice was given. The affidavits to shew the other frauds are too general and uncertain to be considered as proof. The evidence of fraud, as given at the Sessions, on the trial of the libel suit, is not set forth ; and the *verdict* in that cause, would not be evidence in the regular trial of the discharge. Besides, this mode of examining the question upon affidavits is most objectionable ; for the party is precluded from his right of cross examination.

*R. Bogardus* and *S. B. Romaine*, contra, admitted the general rule, that a party cannot be held to bail for a debt which accrued before the discharge. But the Court have never

(*a*) The position of the learned counsel is correct as a general rule. And this will be done even where the bankrupt has made a subsequent promise to pay. (*Baily* v. *Dillon*, 2 *Burr*, 736. *Turner* v. *Schomberg*, 2 *Str.* 1233.) But the English Courts do not discharge on common bail, where it appears from the affidavits that the certificate was obtained by *fraud*. (*Vincent* v. *Brady*, 2 *H. Bl.* 1.) And so where the opposing affidavit states that the validity of the certificate was intended to be questioned on the trial. (*Stacey* v. *Frederici*, 2 *B. & P.* 390.) The difference, between the practice of the English Courts, and our own, arises from the *conclusiveness* of our discharges as evidence, (vid. 1 *R. L.* 464,) which the English Legislature have not extended to their insolvent laws.

(*b*) Vid. *Lisle* v. *Jenins*, *Barnes*, 81. *Ford* v. *Chilton*, 2 *Bl. Rep.* 798. *Wilson et al.* v. *Kemp*, 3 *M. & S.* 595.

NEW YORK, gone so far as to deny their *power* to hold to bail, where the
May, 1823. circumstances of the case may require it. The question, as
REED to the *residence* of the insolvent, has never been decided by
v. this Court. By the old inslovent law, the insolvent's place
GORDON & of residence made no difference. But, to avoid the multi-
WALLOCK. tude of *frauds* which grew out of this omission, an amend-
ment was introduced, and now forms a part of the act,
(*Sec.* 6, 1 *R. L.* 463,) by which the insolvent is required to
apply in the *County* of which he is an inhabitant, or within
which he may be imprisoned. ~~Without~~ one of these *pre-
requisites*, there is a want of jurisdiction, and the discharge
is a *mere nullity*. Suppose a discharge, regular in point of
form, of one who never was before the Judge; suppose
the debtor to have been *personated*, throughout; would
this Court be without the power to interfere, on motion ?
The discharge is merely a certificate of what appears to the
Judge. And this Court may, certainly, inquire, for the pur-
poses of bail, into the validity of the discharge, upon any
ground. This is not trying and passing judgment for or a-
gainst the discharge, but deciding whether the insolvent shall
be holden to a trial.

The imprisonment in *Putnam* County was *collusive*, and
the discharge is, therefore, void. It is as no discharge.
And in this view, whether this is one of the particular cau-
ses of avoidance enumerated in the act or not, can make no
difference. If, as was decided in *Lester* v. *Thompson &
White*, the want of jurisdiction cannot, for that reason, be
inquired into upon the trial; for that *very* reason it ought to
be examined here. Otherwise, a want of jurisdiction nev-
er can be shown.(c) This case is farther distinguishable
from the authorities which forbid an inquiry of this kind, on
affidavits. It has been solemnly decided in the libel suit,
where it was as directly in question as if pleaded in answer
to this action. The question there did not arise *collaterally*,
but was made the turning point in the cause.

The plaintiff swears to his apprehension that the debt is
lost, if this application prevails. And our affidavits, though
served on the opposite party, are not controverted in a sin-
gle particular.

(c) But, vid. *Muzzy* v. *Whitney, et al.* 10 *John. Rep.* 226.

*G. Griffin*, in reply. The statute makes the discharge of these defendants, conclusive evidence of the facts therein contained. Suppose them in prison at the period of their discharge, and brought up on a *Habeas Corpus* to be liberated ; must they not have been discharged at all events ? We claim the defendants' discharge upon a settled course of adjudication, from the 1*st* of *Caines* to the 20*th* of *Johnson.*(d) In *Noble* v. *Johnson*, (9 *John. Rep.* 259,) this Court say, in terms, " We will not try the validity of a discharge under the insolvent acts, by affidavits. The plaintiff must resort to his action." And they say that this had been so decided several times before.

NEW-YORK,
May, 1823.

REED
v.
GORDON &
WALLOCK.

[WOODWORTH, J. The question there, respected the fraud in obtaining the discharge, not the jurisdiction of the Commissioner.]

*Griffin.* The discharge is as conclusive in language, in relation to *jurisdiction*, as it is to *fraud ;* and the question of jurisdiction is as much *res judicata* as the question of fraud. The officer had equal power to adjudicate on this question, and the creditors are equally liable to imposition. No matter how strong the case of fraud, it cannot be overhauled. And is not the principle the same in both cases ? The rule was adopted to prevent a war of affidavits before the Court, and to confine the question to the Jury, the proper tribunal. This is the reason why we have not produced opposing affidavits. A provision in the " *act to abolish imprisonment for debt in certain cases,*" (*Sess.* 42, *ch.* 101, *s.* 3,) shews the sense of the legislature upon this rule. They provide " that notwithstanding a discharge" under that act, " the Court or a Judge may, in cases of fraud, make an order for holding to bail," Their understanding must have been that this could not be done short of legislative provision.

*Curia.* The objections urged against these discharges , would doubtless be good, if addressed in a proper form, to

(d) Vid. in addition to the cases cited by counsel, *Cole* v. *Stafford*, 1 *Caines' Rep.* 249. *Taylor* v. *Williams*, 20 *John.* 21.

NEW-YORK,
May, 1823.

THE PEOPLE
v.
JUDGES OF
ONONDAGA.

a tribunal which could entertain them. But we never can try either their fraud or their irregularity, upon affidavits. We find this settled by repeated decisions, which were referred to upon the argument. The allegation of a want of jurisdiction is not distinguishable, for the purposes of this motion, from the charge of fraud. The objections to an inquiry in this form are the same as to both ; and both are equally valid when made in pleading. None of the proceedings, before the discharge, can be questioned in this summary way.

Motion granted. (e)

(e) Vid. *The People* v. *Simons* & *Wheaton*, in the *Criminal Recorder* for *May* and *June*, 1823, by Mr. *Wheeler*, for a report of the libel suit mentioned in the affidavits, and alluded to in the argument of this cause.