ISAIAH BANGS AND WILLIAM W. OLCOTT *vs.* JOSEPH STRONG AND MALTBY STRONG.

On a motion by defendant to set aside or perpetually stay execution, on the ground that he has been discharged from all his debts under the bankrupt law, and the debt upon which execution was issued was included therein: the plaintiff may have an opportunity to contest the validity of the discharge, by bringing an action on the judgment, where his papers in opposition to the motion, show strong evidence that the defendant was guilty of fraud and wilful concealment of his property, &c., in his proceedings to obtain his discharge. The execution and levy in such case, will be permitted to stand as security, until the decision of such trial.

*Motion on behalf of Joseph Strong, one of the defendants, for a rule or order, setting aside two executions issued on the judgment, recovered by the plaintiffs against the defendants; one in the hands of the sheriff of*

*Livingston, and the other in the hands of the sheriff of Monroe; on the ground that the defendant had been discharged under the provisions of the late bankrupt act, since the recovery of the judgment.*—The judgment was recovered on the 30th October, 1838, in debt for $50,000, and for damages and costs $63·97; on which several executions had been issued and regularly returned, not being satisfied previous to the issuing the executions now in the hands of the sheriffs; there is now remaining due and unpaid of the judgment $9,862·29, with interest from 12th August, 1839. It appears that Joseph Strong, on the 9th May, 1842, presented his petition in the district court for the northern district of New York, praying to be declared a bankrupt, pursuant to the act of congress of the United States, entitled "An act to establish a uniform system of bankruptcy throughout the United States," passed August 19th, 1841; and pursuant to proceedings had in that court, was, by a decree of that court, made the 13th day of September, 1842, discharged from his debts, owing by him at the time of the presentation of his petition; and a certificate of such discharge was granted to said defendant, by said court; the executions were issued in April last, by virtue of which certain personal property alleged to have been acquired by the defendant, Joseph Strong, since the presentation of his petition, has been levied on, and is now held by the sheriffs.

E. P. Smith, *Defts Counsel.*          J. W. Gilbert, *Defts Atty.*

N. Hill, Jr., *Plffs Counsel.*          Smith and Thompson, *Plffs Attys.*

Jewett, Justice.—It is insisted that the discharge and certificate should be deemed a full and complete discharge of the defendants from this debt, and that therefore the executions should be set aside. This motion is resisted by the plaintiffs on the ground that the defendant was guilty of gross fraud and wilful concealment of his property, or rights of property in his proceedings to obtain such discharge, that he preferred some of his creditors, contrary to the provisions of the act, and that he admitted false and fictitious debts against his estate; several affidavits have been read, tending very strongly to prove the truth of the allegations so made, and unless such facts can and shall be satisfactorily explained or rebutted, it can not be denied but that such discharge and certificate may be impeached successfully for fraud or wilful concealment by the defendant, of his property or rights of property in his proceedings to obtain such discharge. It is true, as is contended by the counsel for the defendant, that prima facie the discharge and certificate must be deemed a full discharge of all the debts of the defendant; but the act expressly provides that they may be *impeached* for fraud or wilful concealment, &c. Several

cases have been cited to show, that this court will not on motion of this kind inquire into the regularity of the proceedings, nor try the validity of an *insolvent* discharge on affidavit. Cole *vs.* Stafford, 1 *Caine's* 249 ; Reed *vs.* Gordon et al., 1 *Cow.*, 50 ; Noble *vs.* Johnson, 9 *John.*, 259 ; Russell and Hall *vs.* Packard, 9 *Wend.*, 431. These were cases in which the defendant was in custody either upon a ca. sa. or on surrender by his bail, except the case of Reed *vs.* Gordon et al., in that the defendants were arrested on a *capias ad respondendum.* The English courts do not discharge on common bail, on arrest after the defendant has been discharged under the bankrupt law, where it appears from the affidavits that the certificate was obtained by fraud. Vincent *vs.* Bradly, 2 *H. Bl.*, 1 ; Stacy *vs.* Frederici, 2 *B. & P.*, 390. It is said that the difference between the practice of the English courts, and our own, arises from the conclusivness of discharges under our insolvent laws as evidence, which the English legislature have not extended to their insolvent laws. The affidavit of Olcott, one of the plaintiffs, shows that the defendant has no real property upon which the judgment is a lien, that he has reason to apprehend ; if the execution are set aside or absolutely stayed till the termination of a suit brought upon the judgment, the defendant will have made way with any property he may have, and the only chance the plaintiffs have of relalizing any part of their judgment under said execution, is, by having the same remain in the hands of said sheriffs, with power to levy on any property of the defendant that may be found ; retaining the same as security till the determination of an issue to be made upon the validity of said discharge. I do not question the principle decided by the cases referred to, nor do I think that a denial of the motion in this case in the least conflicts with it. But while this court will not and ought not to try the validity of such discharge on affidavits, I think it should do what it may to protect each party, from the unjust and wrongful acts of the other ; enough is shown by the affidavits produced in opposition to this motion, to induce a belief that upon an issue involving the validity of the discharge, it may be successfully impeached for causes, the existence of which the act declares shall avoid it. " Reason and equity unite in this" that the plaintiffs should have an opportunity to try the legality of it, without losing such security as they have by virtue of any levy they may have had made on the personal property of the defendant, J. Strong, in case they should be successful on such trial. How shall it be done ? My opinion is that the motion should be granted, unless the plaintiffs shall bring an action upon the judgment within sixty days, and in that case the defendants have to plead any matter of

defence they may have, except that they shall not be permitted o plead the issuing 'and levy of the executions or either of them, now in the hands of the sheriffs of Livingston and Monroe, mentioned in the affidavits, on which this motion is founded ; that the said executions (in case such action shall be brought,) with the levy made thereon, remain as security for the final result, and in the mean time all further proceedings on said executions be stayed. Should the defendant, J. Strong, plead his discharge, the plaintiffs will have on opportunity to put in issue and test its validity. No costs to be allowed either party as against the other on this motion, in case such action shall be commenced. 1 *Cowen Rep.*, 42, *do* 165.