Sandford, J. (after advising with the Chief Justice,)
said, the court will not try the validity of an insolvent’s discharge upon affidavits. But it does not follow that the execution must necessarily be set aside and the plaintiff subjected to the alleged probability of thereby losing his debt, although he shall succeed in overtm-ning the discharge, and which is now secured by the levy. The proper rale to be adopted, is to retain the levy and direct a reference or an issue to test the validity of the discharge, whenever it is made presumptively to appear that the discharge may be successfully assailed. This conforms to the practice long since established, in respect of judgments by confession, which defendants seek to set aside on the ground of fraud, imposition, usury, or the like.
*702 In this case, without reference to numerous other points made against the discharge, there are two which furnish a strong presumption that it cannot be maintained. One is the defect in the publication of the notice of the order to show cause; the other is the omission of the plaintiff in the insolvent’s account of his creditors. The plaintiff is certainly entitled, as the case now appears, to retain the security he has obtained, until he can have the opportunity of bringing these objections to the test of a regular judicial examination.
An order must be entered to the following effect, viz. The motion will be denied, on the plaintiff’s serving issues to try the validity of the discharge, within ten days. If served, the defendant may bring into court the amount of the execution and sheriff’s fees; or he may give a bond for the same, with sureties, to be approved by the clerk on notice; and on his doing either, the levy is to be set aside. The issues served, are to be tried in this suit, by the court and a jury, (unless a jury trial be waived,) and they are to present two questions: 1. Had the officer who granted the discharge to the defendant, jurisdiction or authority ffor that purpose when it was granted? 2. Was the defendant guilty of any fraud in the matter, contrary to the true intent of the article of the revised statutes relative to the discharge of debtors from their debts on the application of such debtors and their creditors, or of any act or omission specified in the thirty-fifth section of that article. The plaintiff is to serve with such issues, a specification of the grounds relied upon in support of each; the defendant may propose amendments to the same; and if the parties disagree, the issues and specifications are to be settled by one of the justices of the court.
The costs of this motion, of the issues, and the trial and subsequent proceedings thereon, to be disposed of by the court hereafter, on motion of either party.