## SUPREME COURT.

### Napoleon J. Smith agt. Stephen Paul.

An examination order under supplementary proceedings, founded upon a judgment obtained *prior to the discharge* of the defendant from his debts under the two-third act, will be vacated upon application to the court.

Upon such an application the plaintiff cannot show by affidavit, or otherwise, that he was not included in the schedule of debts, received no notice of application, nor even that he was a citizen of another state, not joining in the petition, nor receiving any dividend from the insolvent's estate. These are the proper questions for a *trial* to be brought, by permission of the court.

*New York Special Term, October,* 1860.

In the above action judgment was obtained against the defendant in 1858. In 1859 the defendant obtained an order discharging him from his debts under insolvent proceedings. In 1860 plaintiff obtained an order in the above action to examine the defendant concerning his property. Defendant thereupon moved that the examination order be vacated, upon the ground that the judgment, being a contract debt, and previous to insolvent's discharge, was extinguished by it.

The plaintiff produced affidavits to show that he was not included in the defendant's schedule of debts; received no notice of application for discharge; and was a citizen of another state, neither joining in the discharge, nor receiving any dividend from insolvent's estate; and he contended that his debt was not extinguished.

Defendant objected that this motion was not the proper occasion to try the fact.

The motion was granted, Leonard, Justice, saying that plaintiff's course was to obtain leave to sue on his judgment.

Piersson *and* Jenks, *for plaintiff.*
Thorndyke Saunders, *for defendant.*