## RICH *a.* SALINGER.

*New York Common Pleas; Special Term, December,* 1860.

DISCHARGE.—MOTION TO SET ASIDE EXECUTION.

An objection to the validity of a discharge in insolvency, whether on the ground
of want of jurisdiction or otherwise, cannot be raised on a collateral motion—
*e. g.,* in opposition to the debtor's motion to set aside an execution on the
ground of his discharge.

The proper mode of testing the discharge in such case, is to sue upon the judg-
ment instead of issuing execution.

Motion to set aside execution.

DALY, F. J.—This is a motion to set aside an execution issued
after the defendant had been discharged under the two-thirds act.
The motion is opposed upon the ground that no notice was re-
ceived by the plaintiffs, or by either of them, of the defendant's
application to be discharged. The fact that no notice was re-
ceived by the plaintiff would not, of itself, show that the officer
acted without jurisdiction; but independent of that, an objec-
tion to the validity of the discharge, either upon the ground of
want of jurisdiction or for any of the causes specified in § 40,
Art. III., 3 Rev. Stat. (98, 5 ed.), could not be determined upon
a motion like this. The discharge is declared by statute to be
*conclusive* evidence of the proceedings and facts therein con-
tained. In § 19, Art. VII., 3 Rev. Stat. (112, 5 ed.), and in § 37,
Art. III., 3 Rev. Stat. (98, 5 ed.), provision is made for pleading
the discharge in bar of any action brought to enforce a claim
affected by it; in consequence of which provisions it has been
held repeatedly that the question of the validity of a discharge
cannot be inquired into upon a motion or trial by affidavits.
(Reed *a.* Gordon, 1 *Cow.,* 50; Reynolds *a.* Manning, *Ib.,* 228;
Noble *a.* Johnson, 9 *Johns.,* 259; Cole *a.* Stafford, 1 *Cai.,* 249;
Taylor *a.* Williams, 20 *Johns.,* 21.) If the plaintiffs wished to
test the validity of the discharge, they should have brought an
action upon their judgment, when, upon the defendant's plead-

ing the discharge in bar, they could go behind it and show that the officer had not acquired jurisdiction, or impeach it for any of the causes which would, under the statute, make it void. In this proceeding it is conclusive and the motion must be granted.

## ACKROYD *a.* ACKROYD.

*Supreme Court, First District; Special Term, November,* 1860.

ATTACHMENT.—AFFIDAVIT TO CAUSE OF ACTION.

Under section 229 of the Code,—which requires, as a foundation for a warrant of attachment, that it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof,—if the action is for an accounting, and the complaint shows that the plaintiff is unable to state the amount due him, his affidavit that there is a certain sum due him, is not enough to authorize an attachment.

If the plaintiff shows that he does not and cannot know whether any thing is due him, his statement of his opinion as to the amount, is not enough.

Motion to discharge an attachment against the property of the defendant as a non-resident debtor.

*John E. Develin,* for the motion.

*William Fullerton,* opposed.

LEONARD, J.—This action was commenced in 1858, and was at issue on complaint and answer more than a year before the warrant of attachment was granted.

The motion is founded on the pleadings, as well as on the affidavit of the plaintiff, upon which the attachment was granted, and also the affidavit of the defendant.

The complaint alleges a partnership between the parties, a dissolution thereof, an assignment of the plaintiff's interest to the defendant, and the defendant's agreement to pay the partnership liabilities, &c., and divide the surplus. That the assets and liabilities were large; that there is a large surplus; that