## STUART *a.* SALHINGER.

*New York Common Pleas; General Term, May,* 1862.

INSOLVENT'S DISCHARGE.—ISSUES TO TRY VALIDITY.

The court will not try the validity of an insolvent's discharge on affidavits.*

---

* In MANHATTAN OIL COMPANY *a.* THORN (*Supreme Court, First District; At Chambers, June,* 1862), it was *Held,* that the court would not try the validity of an insolvent's discharge on affidavits; and that on motion the recitals of the discharge are conclusive.

Motion to set aside execution, and stay plaintiff's proceedings.

The action was brought by the Manhattan Oil Company against Alfred F. Thorn, to recover the price of certain merchandise sold. Judgment was entered in favor of the plaintiff in April, 1861, for $1082.95. In September, 1861, defendant, who was a resident of Kings county, applied to Hon. Samuel Garrison, Kings county judge, for a discharge from his debts, under the Two-thirds Act (2 *Rev. Stat.,* 16). In his petition, which was partly written, partly printed, he described himself as a resident and an inhabitant of the city and county of New York: he had subsequently annexed to his petition the affidavit of a witness, to the effect that the debtor resided in the city of Brooklyn, county of Kings. The county judge, in November, 1861, granted the debtor a discharge, in due form, reciting among other things that the debtor was a resident of Kings county. In June, 1862, the plaintiffs in this action issued an execution on their judgment, under which a levy was made. Defendant now moved upon his discharge, and an affidavit setting forth his residence in Kings county, to set aside the execution, and for a perpetual stay of proceedings on the judgment.

*J. Francis Walton,* for the motion.—I. The copy of the discharge is in due form to be read in evidence. (1 *Rev. Stat.,* 377, § 65; Peck *a.* Farrington, 9 *Wend.,* 44; People *a.* Denison, 17 *Ib.,* 312.)

II. Thorn was discharged under 2 Rev. Stat., 16, art. 3. This discharge is conclusive evidence of the facts therein recited, except those which are necessary to confer jurisdiction upon the officer granting the discharge; as to those it is *prima facie.* (2 *Rev. Stat.,* 38, § 19; Stanton *a.* Ellis, 12 *N. Y.,* 575; Rusher *a.* Sherman, 28 *Barb.,* 416.)

III. The court will not try the validity of the discharge upon affidavits, but will set aside the execution and levy, and compel the plaintiff to resort to his action to test the validity of the discharge. (Russell & Erwin Manuf. Co. *a.*

Where it presumptively appears that an insolvent's discharge is void for any fraud, the court will deny a motion to set aside an execution issued against such insolvent, and direct issues triable before a jury to be framed to test the validity of the discharge.

Appeal from an order denying motion to set aside an execution.

Judgment had been recovered in the New York Common Pleas in favor of Sidney H. Stuart against Julius G. Salhinger for $308.93. The defendant was discharged from his debts by Hon. Thomas W. Clerke, a justice of the Supreme Court, in the First Judicial District, on the petition of creditors having debts amounting to two-thirds of all the debts owed by him,

---

Armstrong, 10 *Abbotts' Pr.*, 258, *note;* Dresser *a.* Shufeldt, 7 *How. Pr.*, 85.) Bangs *a.* Strong (1 *Ib.*, 181), is not in conflict with our position. That case arose under the United States Bankrupt Act of 1841, which allows in terms "a discharge to be impeached for fraud or wilful concealment." (Reed *a.* Gordon, 1 *Cow.*, 50; Taylor *a.* Williams, 20 *Johns.*, 21; Noble *a.* Johnson, 9 *Ib.*, 259; Russell *a.* Packard, 9 *Wend.*, 431.)

IV. The Kings county judge had jurisdiction of the proceeding, and his discharge is conclusive.    (Stanton *a.* Ellis, 12 *N. Y.*, 575; Rusher *a.* Sherman, 28 *Barb.*, 416.)

V. The ground upon which Judge Garrison claimed jurisdiction is immaterial.    If he had jurisdiction, although for a different reason from that which he assigns in the order, that is sufficient. (More *a.* Thayer, 10 *Barb.*, 258; Graves *a.* McKeon, 2 *Den.*, 639.)

VI. The judge having jurisdiction, the regularity of his subsequent proceedings cannot be inquired into. (Bingham *a.* Disbrow, 14 *Abbotts' Pr.*, 251; Viburt *a.* Frost, 3 *Ib.*, 119.)

VII. As the defendant's discharge was granted after judgment, he may have relief on motion for stay. (Parkinson *a.* Scoville, 19 *Wend.*, 150; Baker *a.* Ulster C. P., 4 *Johns.*, 191.)

*Hamilton Odell*, opposed, cited Cramer *a.* ——— (3 *Sandf.*, 700); Stuart *a.* Salhinger (case in text), and contended that the defendant was estopped by the language of his petition from denying his residence in New York.

BARNARD, J., held that the recitals in the discharge were conclusive on this motion, and set aside the execution.

---

In WALL *a.* THORN (*Supreme Court, First District; At Chambers, July*, 1862), it was likewise *Held*, that the court would not try the validity of an insolvent's discharge upon motion.

Motion by defendant Thorn to set aside execution, and for perpetual stay.

The motion was made in two actions brought by Charles Wall and others against Alfred F. Thorn and another. The facts, as shown by moving papers,

Stuart *a.* Salhinger.

under 2 Rev. Stat., 16. The judgment-creditor, after the grant-
ing of the discharge, issued an execution upon the judgment.
The judgment-debtor now moved upon the discharge to set
aside the execution, and for a perpetual stay. In opposition to
this was read the affidavit of the creditor, setting forth that he
never knew or had any knowledge that the debtor had made
any application to be discharged from his debts until after the
discharge was granted; that the plaintiff and defendant both
resided and did business in the city of New York during the
pendency of the application for defendant's discharge; that de-
fendant knew where the office of the plaintiff was; that no
notice of the application had ever been served upon the plain-
tiff personally, or received by mail; that if the plaintiff had

were as follows : On the 12th day of April, 1861, the plaintiffs obtained and
docketed two judgments in this court against the defendants for $2122.07. On
the 26th day of September, 1861, the defendant Thorn applied with two-thirds of
his creditors to Hon. Samuel Garrison, county judge of Kings county, for a dis-
charge from his debts, under 2 Rev. Stat., 16, commonly called the "Two-thirds
Act," and afterwards, and on the 14th day of November, 1861, Judge Garrison
granted the discharge. That on the 23d day of June, 1862, the plaintiff caused
an execution to be issued against the property of the defendants, in the county of
New York, whereupon the defendant Thorn moved to set aside the execution,
and for a perpetual stay.

*J. M. Van Cott*, for plaintiffs, argued that the discharge was void for jurisdic-
tional defect, to wit, that the publication of the notice directed by Judge Garri-
son was made in the *Commercial*, one of the newspapers designated in the order to
show cause, but forty-one days, instead of six weeks, and therefore the motion
should be denied, or at least that a levy under the execution should not be dis-
turbed until plaintiffs could bring an action to set aside the discharge. (19 *How.
Pr.*, 238.)

*J. H. & W. L. Van Derzee*, for defendant.—I. The order to publish was dated
September 28, 1861, the first publication October 4, 1861, and the hearing No-
vember 14, 1861. This was a full compliance with the order.

II. That the affidavit of publication annexed to and forming part of the papers
is conclusive on this motion.

III. That the discharge is conclusive, and plaintiff must resort to his action.
(1 *Cow.*, 50 ; 10 *Abbotts' Pr.*, 258 ; 20 *Johns.*, 21 ; 28 *Barb.*, 417 ; 7 *How. Pr.*, 85 ;
9 *Johns.*, 259 ; Stanton *a.* Ellis, 12 *N. Y.*, 575.)

IV. That the execution was irregular, and plaintiffs could acquire no rights
under it, and were not entitled to hold their improper levy.

CLERKE, J., held that the question, whether a discharge under the Two-thirds
Act was valid or invalid, was a solemn one, and that the question of jurisdiction
under former decisions of this court could not be inquired into upon motion.

Motion granted.

known of the application, he would have opposed it, and that he believed if the application had been opposed by any *bona-fide* creditor, it would not have been granted; that he believed the defendant had been guilty of fraud in each and all of cases mentioned in the statute as avoiding a discharge; that he believed defendant had compromised with most of his creditors, and that none except those who were so paid had petitioned for the discharge. There were no irregularities in the discharge suggested, and all the allegations of fraud were upon information and belief.

The court at special term made an order as follows: " That the said motion be and the same hereby is denied, on the plaintiff's serving issues to try the validity of the defendant's discharge within twenty days after the service of a copy of this order. Such issues are to be settled on notice to the defendant's attorney, and when so settled are to be tried by this court and a jury; and that the levy made by the sheriff of the city and county of New York upon the property of the defendant, be discharged upon the defendant giving a bond in the sum of $350 to the plaintiff conditioned for the payment of the amount of the said judgment, interest, and sheriff's fees, to be approved by a judge of this court, or upon his depositing with the clerk of this court the sum of $318, to abide the result of the issues so formed."

The defendant appealed.

*John H. Trapp*, for the appellant, cited Reed *a.* Gordon (1 *Cow.*, 50); Taylor *a.* Williams (20 *Johns.*, 21); Noble *a.* Johnson (9 *Ib.*, 259); Russell *a.* Packard (9 *Wend.*, 431), and Rich *a.* Salhinger (*MS. case*).*

---

* In Rich *a.* Salhinger (*New York Common Pleas; At Chambers, December*, 1860), it was *Held*, that the validity of an insolvent's discharge could not be inquired into upon a motion or trial by affidavits ; and that the only way to test the validity of the discharge is by action, in which the defendant may plead his discharge in bar.

Motion to set aside an execution.

This was an action by Alexander and Solomon Rich against Julius G. Salhinger. Judgment was entered in favor of plaintiffs for $330.65, May 13, 1858. In September, 1859, the defendant was discharged from his debts by Hon. Thomas W. Clerke, justice of the Supreme Court, under the " Two-thirds Act." (2 *Rev. Stat.*, 16.) In June, 1860, the plaintiffs, disregarding the discharge, issued an

*John C. Van Loon*, for the respondent, cited Cramer *a*. —— (3 *Sandf.*, 700).

By the Court.*—Daly, F. J.—Where an execution has been issued and a levy made, I see no objection to pursuing the course that was adopted in the case of Cramer (3 *Sandf.* 700); that is, where a motion is made to set the levy aside, or for a perpetual·stay of proceedings, and the plaintiff in answer to the motion sets up that the discharge was improperly procured, and shows by affidavit on his part that there is ground for so believing, to retain the lien acquired by the levy, and order issues to be framed, that the question may be tried by a jury. All that had been decided previously was, that the court will not try the question of the validity of the discharge

---

execution upon their judgment. The defendant now moved to set aside this execution, upon an affidavit setting forth the foregoing facts, and on an exemplified copy of his discharge. In answer to the motion, plaintiffs read an affidavit denying the regularity of defendant's discharge, and averring that their execution was issued with the view to test its validity.

*John H. Trapp*, for the motion.

*S. C. Conable*, opposed, cited Stanton *a*. Ellis (16 *Barb.*, 319; S. C. affirmed, 12 *N. Y.*, 575); Olcott *a*. Robinson (20 *Barb.*, 148); Layman *a*. Whiting (*Ib.*, 559).

Daly, F. J.—This is a motion to set aside an execution issued after the defendant had been discharged under the Two-thirds Act. The motion is opposed upon the ground that no notice was received by the plaintiffs, or by either of them, of the defendant's application to be discharged. The fact that no notice was received by the plaintiff would not of itself show that the officer acted without jurisdiction; but independent of that, an objection to the validity of the discharge, upon the ground of want of jurisdiction, or for any of the causes specified in the 40th section of article 3 (3 *Rev. Stat.*, 5 ed., 98) could not be determined on a motion like this. The discharge is declared by statute to be conclusive evidence of the proceedings and facts therein contained (3 *Rev Stat.*, 5 ed., 112, art. 7, § 19); and in the 37th section of article 3 (3 *Rev. Stat.*, 5 ed., 98) provision is made for pleading the discharge in bar of any action brought to enforce a claim affected by it. In consequence of which provisions it has been held repeatedly, that the question of the validity of a discharge cannot be inquired into upon a motion or trial by affidavits. (Reed *a*. Gordon, I *Cow.*. 50; Reynolds *a*. Manning, *Ib.*, 228; Noble *a*. Johnson, 9 *Johns.*, 259; Cole *a*. Stafford, 1 *Cai.*, 249; Taylor *a*. Williams, 20 *Johns.*, 21.) If the plaintiffs wished to test the validity of the discharge, they should have brought an action upon their judgment. where, upon the defendant's pleading the discharge in bar, they could go behind it, and show that the officer had not acquired jurisdiction, or impeach it for any of the causes which would under the statute make it void. In this proceeding it is conclusive, and the motion must be granted.

* Present, Daly, F. J., Hilton and Brady, JJ.

upon affidavit. (Russell *a.* Packard, 9 *Wend.*, 431; Reed *a.* Gordon, 1 *Cow.*, 50; Reynolds *a.* Manning, *Ib.*, 228; Noble *a.* Johnson, 9 *Johns.*, 259; Lester *a.* Thompson, 1 *Ib.*, 300; Taylor *a.* Williams, 20 *Ib.*, 21; Cole *a.* Stafford, 1 *Cai.*, 249.) And there is nothing in the mode of procedure adopted in Cramer's case in conflict with the previous decisions.

The statute declares that the discharge shall be void in certain cases. It provides that the discharge may be pleaded in bar of any action for a debt due at the time of the assignment, or contracted before, though payable afterwards; but it does not follow from this that the only mode in which the question of the invalidity of the discharge can be raised, where the debt is in judgment, is by an action upon the judgment. In Deyo *a.* Van Valkenburgh (5 *Hill*, 242), an action of false imprisonment was brought for arresting the defendant in the judgment upon a *ca. sa.*, after he had been discharged upon the Two-thirds Act; and it was conceded by the court, that the defendant in the action might set up by way of defence, that the discharge was void for any of the reasons specified in 2 Rev. Stat., §§ 23, 35. It was said in this case, that the refusal to try such a question upon affidavits was referable " to a rule of practice which distrusts the force of such proof, and turns the party over to a more satisfactory mode of examining the question." This is attained by ordering issues to be framed, where it presumptively appears that the discharge may be successfully assailed, and directing them to be tried before a court and jury. If the creditor has a judgment, and the discharge is void for any of the causes specified in the statute, there is no reason why he should be delayed in collecting his debt, and turned over to an action upon his judgment. He levies at the peril of having the discharge interposed, either in the form of an action against him for trespass, or in an application to the court to set aside the levy, which will be granted, unless he can satisfy the court that he ought to be allowed to go on, and establish the invalidity of the discharge. If he satisfies the court upon this point, the question can be tried as effectually in the mode provided by the order of Judge Brady, as by an action upon the judgment. The rights of the defendant are as fully protected by proceeding in this way as by resorting to the remedy by action; while, if the plaintiff succeeds in overturning the dis-

charge, he has been, as he ought to be in such a case, unobstructed in enforcing his judgment. If the discharge has been improperly procured, the debtor ought not to have any advantage from it; and though the presumption should be in his favor from the fact of his obtaining it, that presumption should not be carried to the length of compelling the creditor to bring an action upon his judgment to test the validity of the discharge, when a less dilatory, less expensive, and equally efficacious mode can be resorted to. It does not lie with the debtor to complain that his goods are levied upon, for if his discharge is valid, he has the same remedy against the plaintiff that he would have against any other trespasser; or if he does not wish to bring an action, he can have the levy discharged by a motion to the court, if there was no ground whatever for making it. The order below should be affirmed.