SIMEON ROBENS, APPELLANT, *v.* IRVING SWEET, RESPONDENT.

*Discharge from a judgment, of an insolvent debtor under title 1 of chapter 17, Code of Civil Procedure — it cannot be attacked for fraud on a motion to dismiss supplementary proceedings instituted on the judgment.*

The plaintiff in this action moved to set aside an order, made in supplementary proceedings, requiring him to appear and be examined, upon the ground that subsequently to the recovery of the judgment he had been discharged from the judgment, under title 1 of chapter 17 of the Code of Civil Procedure, relating to insolvent debtors. The judgment-creditor did not deny that a discharge had been granted, but alleged that there existed fraud in the proceedings under which it was obtained.

Upon an appeal from an order denying the motion, for the present, and ordering a referee to take proof and report as to the alleged fraudulent transaction.

*Held,* that the order was appealable.

That the question of fraud could not be raised in this manner, and that the judge erred in denying the motion.

*Rich* v. *Salinger* (11 Abb. Pr., 344); *Russell & Erwin Manufacturing Company* v. *Armstrong* (Id., 258, note); *Turnbull* v. *Healy* (21 Wend., 670); *Dresser* v. *Shufeldt* (7 How. Pr., 85) followed.

The judgment-creditor, while not claiming that the discharge was invalid on its face, presented affidavits to show that he was not served with the order in the proceedings for discharge, pursuant to subdivision 2 of section 2165 of the said Code.

*Held,* that if this matter affected the validity of the discharge it came under the rule above stated in regard to fraud alleged to exist in the proceedings therefor.

APPEAL from an order of the county judge of Saratoga county, denying the plaintiff's motion to set aside and vacate an order to examine the plaintiff, in proceedings supplementary to execution, and ordering a referee to take proofs and report as to an alleged fraudulent transaction of the plaintiff.

*J. F. Conkey*, for the appellant.

*C. R. Patterson*, for the respondent.

LEARNED, P. J. :

This is an appeal from an order denying a motion to set aside proceedings supplementary, to examine the plaintiff who was the judgment-debtor. One ground of the motion, and the only one we need to consider, is that, subsequently to the recovery of the judgment the debtor had been discharged therefrom under article 1, title 1, chapter 17, Code of Civil Procedure, formerly known as the " two-thirds act." That proceedings under that article were taken, and that a discharge thereunder was granted are facts not disputed. But the judgment-creditor avers fraud in the proceedings. The judge denied the motion to set aside the proceedings supplementary for the present, and ordered a referee to take proof and report as to the alleged fraudulent transaction. The plaintiff, who was the judgment-debtor, appeals.

The defendant insists that an appeal will not lie because there has not been a final decision ; that the matter is still pending before the judge, who may finally decide in plaintiff's favor. But we think that general principle is not applicable. The plaintiff shows a discharge, and insists that, on this motion, that discharge is conclusive. The court holds that it is not conclusive by denying the motion, and then proceeds by a reference to examine the question of fraud. If the plaintiff is right in the position that on such a motion the discharge is conclusive, and that the question of fraud cannot be investigated, then the refusal of the judge to set aside the proceedings makes the plaintiff an aggrieved party who may appeal. The plaintiff for the present says, practically, admit the alleged fraud to be true, it cannot be considered on the motion to set aside these proceedings supplementary. If he is right then the denial of the motion was erroneous.

In *Rich* v. *Salinger* (11 Abb. Pr., 344), on a motion to set aside an execution, it was held to be improper to try the validity of the debtor's discharge under the " two-thirds act." (See cases there cited.) The same was held in *Russell & Erwin Manufacturing Company* v. *Armstrong* (11 Abb. Pr., 258, note). The same general view is taken in *Turnbull* v. *Healy* (21 Wend., 670), though not a similar motion.

In _Dresser_ v. _Shufeldt_ (7 How. Pr., 85), a judgment had been recovered. Subsequently the debtor obtained a discharge under the insolvent act. After that an execution was issued. When a motion to set it aside was made, the creditor claimed to show that the discharge was fraudulently obtained. The question was very carefully examined, and many cases were cited by Judge MITCHELL. He held that the question of fraud could not be tried on affidavits and he set aside the execution. We find no cases to the contrary of these.

It is true, as the defendant urges, that if the discharge is a nullity and void, it cannot bar defendant's rights. The point is, where shall the question of nullity be tried. The defendant also asserts that plaintiff did not get jurisdiction. We understand that he does not claim that the discharge is invalid on its face, but that his affidavits show that he was not served with the order in the proceedings for discharge, pursuant to section 2165, subdivision 2 of the Code of Civil Procedure. The language is that "the petitioner must also serve upon each creditor　*　*　* whose place of residence is known to him." The defendant's affidavits are intended to show that he did not, in fact, reside at the place to which the order was mailed.

If this matter affects the validity of the discharge, it comes under the rule above stated in regard to alleged fraud. We are of opinion, therefore, that plaintiff's motion should have been granted, but without prejudice to any proper proceeding by defendant to test the validity of the discharge.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs. Such costs and disbursements only to be set off against defendants alleged judgment. The reversal not to prejudice any proper proceeding by defendant.

LANDON and INGALLS, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs. These costs and disbursements are to be collected only by setting them off against defendant's alleged judgment.