In re AMERICAN FIDELITY CO.

CLEMENT v. WHITE et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—RIGHT TO MAINTAIN.

The assignee of a judgment may resort to supplementary proceedings against the judgment debtor, as might the judgment creditor, but for the assignment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1094.]

2. SAME—ORDER FOR EXAMINATION—SETTING ASIDE ON MOTION.

Where the surety on the bond of a saloon keeper has paid and taken an assignment of the judgment obtained against such keeper for breach of conditions of the bond, the order obtained by the assignee for examination of the judgment debtor in supplementary proceedings should not be set aside on motion, on the debtor's claim that the surety for a consideration agreed he should not be liable to it for any amount it should become chargeable with on account of the bond; the fact of the making of such agreement and of the authority of the surety's agent to making it being disputed, and there being a question of law whether the agreement,

if made, would not, under certain conditions, be void as against public policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1114.]

Appeal from Erie County Court.

In the matter of the examination of William F. White, judgment debtor, in proceedings supplementary to execution, on the application of American Fidelity Company under a judgment rendered for plaintiff against said White, in an action by Maynard N. Clement, state commissioner of excise, against said White and the American Fidelity Company, and assigned to said company. From an order setting aside an order requiring said White to appear and be examined concerning his property (104 N. Y. Supp. 711), said American Fidelity Company appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles Newton, for appellant.

James Harmon, for respondent.

SPRING, J. In July, 1906, the state commissioner of excise recovered a judgment by default against the defendant White for penalties for the breach of the conditions of a bond given by him in pursuance of the provisions of the liquor tax law. The defendant, the American Fidelity Company, was a surety on the bond; but no judgment was entered against it, although made a party defendant. It paid the amount of the judgment, and the same was assigned to it by the state commissioner of excise. An execution issued upon the judgment after the assignment was returned wholly unsatisfied, and the usual order in proceedings supplemental to execution was granted ex parte by the county judge of Erie county, where the judgment was entered, and where the judgment debtor resided. The order was subsequently vacated by the County Court upon the application of the judgment debtor.

The judgment having been valid at the time it was transferred to the surety company, there must exist some cogent reason to justify the order appealed from. The commissioner of excise unquestionably might have pursued this remedy against the judgment debtor, and ordinarily whatever procedure is available to the judgment creditor to aid in collecting his judgment may also be taken advantage of by the assignee of the judgment. The defendant surety company is a foreign corporation, and was represented in Buffalo by local agents, and the transactions of the defendant White were with these agents. It is his claim that at the time the surety company gave the bond required by section 18 of the liquor tax law (Laws 1897, p. 221, c. 312) it entered into the following independent agreement with him:

"It is expressly understood and agreed that, if the bond applied for is issued by the American Fidelity Company, the applicant is not to be liable for any amount the said company may become chargeable with or may pay for or on account of such bond, and that the American Fidelity Company shall pay to applicant any amount the applicant may be compelled to pay for or on account of the bond."

He states in his affidavit that he paid $5 additional premium for this agreement indemnifying him against liability on his bond, and that

agreements of this kind were frequently made by saloon keepers with the agents of the defendant in the city of Buffalo. The defendant company disclaims any authority in its agents to enter into any such agreement on its behalf, or that it knew of any such agreement, or that it ever received any additional premium on account thereof. The defendant White in his affidavit further states that the agreement mentioned was indorsed upon his application, which was sent to and retained by the company; but the officers of the latter deny that it contained any such indorsement. It appears from the papers of the surety company used in opposition to the motion to vacate the order in supplementary proceedings that the violations of the liquor tax law complained of in the action on the bond were that the defendant White kept and maintained a disorderly house and a place of "public resort for lewd women and prostitutes." The complaint in that action is not before us. If the charge and proof were that the servants or agents of the saloon keeper were guilty of these violations, and without his assent or knowledge, the contract which he claims the surety company entered into with him might have been designed to protect him against the unauthorized acts of such servants or employés. If, on the other hand, it was intended to shield him from liability for any infraction of the liquor tax law, however flagrant, it may well be doubted whether such agreement would not be in contravention of public policy. Materne et al. v. Horwitz et al., 101 N. Y. 469, 5 N. E. 331; Foley et al. v. Speir et al., 100 N. Y. 552, 3 N. E. 477; Dean v. Clark, 80 Hun, 80, 30 N. Y. Supp. 45.

We are not passing upon these questions, and refer to them simply for the purpose of fortifying and explaining our conclusion that they ought not to be determined upon a motion to vacate the order in supplementary proceedings. The controlling facts are in controversy, the construction of the alleged agreement is not free from doubt on the facts contained in the record before us, and its legality is doubtful. With all these complications, both of law and fact, the parties should be left to their remedy by action. We think the authorities, if any are needed, tend to support this position. Robens v. Sweet, 48 Hun, 436, 1 N. Y. Supp. 839; Rich v. Salinger, 11 Abb. Prac. 344; Smith v. Paul, 20 How. Prac. 97; Dresser v. Shufeldt, 7 How. Prac. 85.

If a judgment has been paid, the court may upon motion set aside an order of this kind, so that the judgment debtor will not be unjustly harassed, and, if for any reason it appears without dispute that the order was improvidently granted, a like remedy may be available to the judgment debtor, and upon the motion a reference may be ordered to aid the court in deciding disputes which may arise. In the present case the questions raised are unusual, important, and perplexing, and should be disposed of in an action.

The order appealed from should be reversed, with $10 costs and disbursements of this appeal, and the motion to vacate the order requiring the respondent to appear and be examined before a referee denied, with $10 costs, and the matter remitted to the county judge of Erie county to designate the time and place for the judgment debtor to appear before the referee. So ordered. All concur.